373 So.2d 76 (1979)
Dorothy SMITH, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-311.
District Court of Appeal of Florida, Third District.
July 24, 1979.
Bennett A. Brummer, Public Defender and Bruce A. Rosenthal, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and James H. Greason, Asst. Atty. Gen., for appellee.
Before HAVERFIELD, C.J., and BARKDULL and KEHOE, JJ.
KEHOE, Judge.
Appellant, defendant below, brings this appeal from an order of revocation of probation entered after a hearing by the trial court. We affirm in part and reverse in part.
In March of 1977, appellant entered a plea of nolo contendere to a charge of grand larceny. She was adjudicated guilty and placed on probation for two years. In December of 1977, appellant's probation supervisor filed an affidavit of violation of probation against appellant alleging that she had violated certain of the conditions of her parole by, among other things, failing to report to T.A.S.C. located at 7805 N.E. Miami Court, Miami, Florida, failing to make restitution in the amount of $30.00, and by failing to pay $10.00 per month toward the cost of her supervision (total arreage of $90.00). After a hearing on the affidavit, the trial court entered the order appealed revoking appellant's probation and sentencing her to the Division of Corrections for two years based upon her earlier conviction for grand larceny. From this order, appellant appeals.
Appellant contends that the trial court's revocation of her probation was violative of her due process rights. First, she argues that the evidence presented by the prosecution was not legally sufficient to establish the violation of her failure to report to T.A.S.C. because the evidence adduced was merely hearsay. We disagree. Our review of the record reveals that there was sufficient competent evidence to show appellant's failure to report to T.A.S.C. as required. See, e.g., Rathburn v. State, 353 So.2d 902 (Fla. 4th DCA 1977); Combs v. State, 351 So.2d 1103 (Fla. 4th DCA 1977); Wheeler v. State, 344 So.2d 630 (Fla. 2d DCA 1977); Couch v. State, 341 So.2d 285 (Fla. 2d DCA 1977); and Singletary v. State, 290 So.2d 116 (Fla. 4th DCA 1974). Therefore, that portion of the order appealed revoking appellant's probation on the ground of her failure to report to T.A.S.C. is affirmed.
*77 Second, appellant argues that the revocation of her probation was improper because the trial court made no affirmative finding that she, as an indigent, was financially able to make restitution or pay the supervision charges. We agree with this point. Our review of the record shows that it is devoid of any evidence showing appellant had the ability to make the required payments. Accordingly, that portion of the order appealed revoking appellant's probation on this ground is reversed. See, e.g., Fuller v. Oregon, 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974); Page v. State, 363 So.2d 621 (Fla. 1st DCA 1978); Depson v. State, 363 So.2d 43 (Fla. 1st DCA 1978); and Jones v. State, 360 So.2d 1158 (Fla. 1st DCA 1978).
We reiterate that the ground of appellant's failure to report to T.A.S.C., which was required as a condition of her probation, was a sufficient basis to support the trial court's order revoking her probation. See Franklin v. State, 226 So.2d 461 (Fla. 2d DCA 1969).
Affirmed in part, reversed in part.