PER CURIAM.
Appellant’s probation was revoked for failure to file monthly reports, failure to report in person to the probation officer, and failure to pay the costs of probation supervision.
It is appellant’s contention in this appeal that the trial court erred in revoking his probation for failure to pay supervision costs where there was no proof of the indigent appellant’s ability to pay for such costs. We agree that failure to pay costs of supervision should not have been considered as one of the grounds for revocation since there is no showing in the record that the appellant was able to pay such costs. Deason v. State, 404 So.2d 1140 (Fla. 4th DCA 1981); Murrell v. State, 364 So.2d 96 (Fla. 4th DCA 1978); Page v. State, 363 So.2d 621 (Fla. 1st DCA 1978).
It is clear that the court did not err in revoking appellant’s probation on the other grounds charged. However, since we do not know if the trial judge would have imposed the same sentence had he not considered appellant’s failure to pay the costs *603 of supervision, we reverse the sentence and remand for resentencing without taking this factor into consideration. Secure v. State, 432 So.2d 630 (Fla. 3d DCA 1983).
Affirmed in part and reversed in part and remanded for resentencing.