PER CURIAM.
Appellant was placed on probation for two years for uttering a forged instrument and grand theft by fraud. Conditions of his probation included participation in a Probation and Restitution Center for a maximum of four months, compliance with its rules, and payment of $158.00 as restitution. Revocation of probation was sought for nonpayment of restitution, costs of supervision or subsistence payments, as well as one untruthful signout. Appellant correctly notes that revocation for financial violations requires some showing that the probationer had' the ability to make the payments. Baran v. State, 381 So.2d 323 (Fla. 5th DCA 1980); Freiberger v. State, 343 So.2d 57 (Fla. 4th DCA 1977). The only fact adduced at the hearing was that the appellant had failed to make payments. There was no demonstration of his ability to do so. Revocation based on the grounds of nonpayment was inappropriate. The only proof of the untruthful signout was equally inadequate. The subject revocation would result in this individual’s incarceration for two years; a burden to the taxpayers requiring justification by more than the present record. Accordingly, we reverse.
GLICKSTEIN and WALDEN, JJ., and DAUKSCH, JAMES C., Jr., Associate Judge, concur.