448 So.2d 624 (1984)
Thomas J. DOHERTY, Appellant,
v.
STATE of Florida, Appellee.
No. 83-2523.
District Court of Appeal of Florida, Fourth District.
April 18, 1984.
Thomas J. Doherty in pro per.
No appearance required for appellee.
DOWNEY, Judge.
Appellant, Thomas J. Doherty, was charged with aggravated battery and violation of probation. The appellant and the state negotiated a plea that included as a part thereof that appellant would pay $800 to the victim of the aggravated battery within one week.
On March 31, 1982, the negotiated plea was presented to the trial judge by appellant's counsel in the context that it was appellant's desire to make restitution to the victim.
The plea bargain presented to the court was that appellant would plead guilty to a violation of his probation and guilty to the substantive offense of aggravated battery, and be adjudged on the substantive offense. The appellant would make restitution of $800 to the victim "up front" prior to sentencing. He was to be released from jail on his own recognizance so as to make the restitution within one week. If he successfully made restitution within the week, he was to be sentenced to one year in the county jail for the probation violation and one year for the substantive crime to run concurrently. If appellant failed to meet the restitution provision of the agreement, he waived any right to vacate the plea and the court would be free to sentence him to the maximum penalties allowed by law.
During the long colloquy among the judge, counsel, and appellant the judge expressed skepticism about appellant's ability and reliability to perform. However, after a most meticulous discussion of the appellant's *625 rights, the punishment that would result if appellant failed to show up one week later with the money, and all of the ramifications of the bargain, the trial judge accepted the proposal. During the hearing appellant acknowledged that whether he was able to raise the money or not would be irrelevant. He said he was aware that, if he did not pay by April 7, 1983, he was to be sentenced for the aggravated battery. The court gave appellant an additional four weeks to comply with the agreement. When he still had not complied, the court imposed a sentence on the aggravated battery charge.
Predictably, the appellant now contends the state violated the agreement and the agreement was unlawful in any event.
The jurisprudence of this state is filled with cases requiring the state to comply with plea bargains. We see no reason why a defendant should not be required to comply also, assuming the agreement is not illegal. Here, appellant asked the court to withhold sentencing him for the aggravated battery if he made restitution to the victim. To ignore the reciprocity of such an agreement would have a deleterious affect upon any plea bargain in which restitution is an ingredient. The defendant could enter into such an agreement knowing he could not perform but then preclude subsequent action by the state by showing he did not have the ability to perform.
The law is well settled that probation cannot be revoked for violation of a condition thereof requiring restitution if the probationer is financially unable to comply. All of the cases relied on for reversal in this case are decisions involving the violation of a condition of probation requiring payment of costs, restitution, and the like. It appears to us the same rule is inapposite here. This was not a court imposed condition; it was agreed upon by the appellant, who requested the court to accept it.
For these reasons we hold the order appealed from should be and is affirmed.
AFFIRMED.
DELL, J., concurs.
WALDEN, J., dissents, with opinion.
WALDEN, Judge, dissenting:
In substance, Thomas J. Doherty pled guilty to aggravated battery and violation of probation through aggravated battery as a part of a plea bargain. The court sentenced Doherty to five (5) years imprisonment on the violation of probation charge. It withheld adjudication and sentence upon the aggravated battery charge upon the condition that Doherty pay the victim of the aggravated battery the sum of Eight Hundred Dollars ($800.00) within four weeks, in which case the court would favorably consider a motion to reduce sentence for violation of probation. If no restitution was made, the court would not reduce the five (5) year sentence but would additionally impose a sentence of up to fifteen (15) years on the aggravated battery charge.
Restitution not being made within the alloted time the court entered judgment and sentence of five (5) years on the aggravated battery charge to be served concurrently with the five (5) year sentence on the violation of probation charge.
With respectful reference to the majority opinion, it says, "To ignore the reciprocity of such an agreement would have a deleterious affect upon any plea bargain in which restitution is an ingredient. The defendant could enter into such an agreement knowing he could not perform but then preclude subsequent action by the state by showing he did not have the ability to perform." I agree with this observation, and if the majority hypothetical correctly reflected Doherty's situation, I would agree that he should not be relieved from his bargain. However, it appears from the transcripts of earlier hearings that Doherty entered into the agreement in good faith with a seemingly foolproof plan to make restitution. However, prior to the day of reckoning, the lady who had authorized payment of $800.00 to Doherty from certain judgment proceeds was incapacitated in an automobile *626 accident and was thereby unable to sign certain releases so as to make the money available to Doherty. In other words, this testimony reflects that for totally unforeseen reasons, which reasons were beyond Doherty's control, Doherty was unable to pay $800.00 on time, and as a consequence, Doherty received a sentence of five years. I feel that under these circumstances, if established at a proper hearing, Doherty should be afforded relief from his bargain. To add a dissenter's hypothetical, which I think is more illustrative, I suggest that a defendant who agrees to make restitution from his bank account containing sufficient funds and the bank goes into receivership with the result that the defendant's funds are frozen through no fault of such defendant, he should not suffer because of his innocent default but rather should be relieved of his plea bargained guilty plea and allowed to go to trial.
The matter is before us now pursuant to Florida Rule of Criminal Procedure 3.850 with one of the assertions being that Doherty is imprisoned for not making restitution when he had no ability to do so. His petition to the trial court was denied without a hearing or without inquiry being made as to whether Doherty had the ability to make restitution.
I would reverse and remand with instructions to hold an evidentiary hearing as to whether Doherty has the ability to make restitution. Florida Rule of Appellate Procedure 9.140(g); Murphy v. State, 442 So.2d 1047 (Fla. 4th DCA 1983); Grimsley v. State, 408 So.2d 1075 (Fla. 2d DCA 1982); Jones v. State, 360 So.2d 1158 (Fla. 1st DCA 1978).
I do, therefore, respectfully dissent.