460 So.2d 523 (1984)
David N. BRUSHINGHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 83-2398.
District Court of Appeal of Florida, Fourth District.
December 12, 1984.
*524 Richard L. Jorandby, Public Defender and Lawrence Duffy, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James P. McLane and Carolyn V. McCann, Asst. Attys. Gen., West Palm Beach, for appellee.
GEIGER, DWIGHT L., Associate Judge.
This is an appeal from an order revoking probation and subsequent sentence.
Appellant raises two points. He first contends that the trial court erred in finding that he knowingly, intelligently, and voluntarily entered into a guilty plea based on a plea agreement for probation. The agreement included appellant's making restitution payments within a six month period as a condition of probation and provided that appellant waived the requirement that the state establish his financial ability to make restitution in order to prove violation of probation for failure to make restitution payments. Appellant further contends that such an agreement is unenforceable as against public policy, and thus that even if he failed to make the agreed restitution, it was error to revoke his probation. Appellant does not contest that the required restitution was not made, nor does he contend that failure to make restitution was not a sufficient reason to revoke his probation.
We deal with the second point first and note that this court has already spoken to a similar issue in the case of Doherty v. State, 448 So.2d 624 (Fla. 4th DCA 1984). Based on the reasoning of Doherty we conclude that a person charged with a crime can legally enter into a plea bargain agreement with the state that he receive probation rather than be imprisoned on conditions that he make restitution within a set period of time and that he waive his right to be imprisoned for failure to pay a debt if he fails to make restitution as he has agreed, whether or not the state can prove his financial ability to make restitution. Such an agreement is not void as against public policy and is enforceable.
We next deal with whether appellant sufficiently understood and legally entered into the agreement. In this case the record clearly supports the trial court's conclusion of a knowing, intelligent, and voluntary entry of guilty plea and waiver by defendant of his right against imprisonment for failure to pay restitution. At the time appellant was placed on probation, the trial judge carefully talked with him and explained to him what would be expected of him concerning payment of restitution and the time period within which restitution payments were to be made. The trial judge also specifically explained to appellant that he was waiving his constitutional right against imprisonment for failure to pay a debt in agreeing to the special provision that the state would not be required to prove an ability to pay restitution in order to prove a violation of probation. The record shows that he understood. The trial judge explained this a second time when appellant pleaded guilty to violation of probation and agreed to the same waiver if the court would reinstate his probation and extend the time for payment of the restitution. The trial court granted appellant's request and reinstated probation and extended the time for making restitution payments an additional year. It was only after this additional period of time had passed and appellant had not made the *525 agreed payments that the probation was revoked.
Clearly the condition to pay restitution was not court imposed without agreement by appellant. The trial judge assured himself that appellant knew what he was doing when he made the agreement and gave appellant more than a reasonable opportunity to comply with his self-imposed duty. The appellant cannot now legally complain of the consequences of his failure to uphold his end of the bargain.
No error is demonstrated. The order of revocation of probation and sentence appealed are AFFIRMED.
ANSTEAD, C.J., and DELL, J., concur.