519 So.2d 81 (1988)
Brian HAMRICK, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-521.
District Court of Appeal of Florida, Third District.
February 2, 1988.
Samek & Besser, Miami, for appellant.
Robert A. Butterworth, Atty. Gen. and Ralph Barreira, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BASKIN and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
Hamrick appeals from a judgment and sentence entered upon the revocation of his probation on the ground that he failed to make the restitution which was a condition of probation. The trial judge entered this order without determining, as required, that the defendant could make the payments but willfully did not do so, Mack v. State, 440 So.2d 602 (Fla. 3d DCA 1983); Smith v. State, 373 So.2d 76 (Fla. 3d DCA 1979); Jones v. State, 360 So.2d 1158 (Fla. 1st DCA 1978), because, when the probation was imposed, Hamrick had specifically agreed to make restitution regardless of his ability to pay.[1] Because we agree with the state's concession[2] that the defendant's purported waiver of the right to resist revocation because of an inability to conform with the condition is invalid and unconstitutional, we reverse.
A broad variety of conditions of probation have been struck down as ones which improperly preclude the defendant's subsequent reliance upon constitutionally protected rights. E.g., Grubbs v. State, 373 So.2d 905 (Fla. 1979) (waiver of Fourth Amendment right to reasonable search and seizure as probationary condition invalid); McGeorge v. State, 386 So.2d 29 (Fla. 5th DCA 1980) (waiver of due process right to notice of hearing of assessment of public defender's lien as probationary condition invalid); see Gryca v. State, 315 So.2d 221 (Fla. 1st DCA 1975) (waiver of due process right to hearing for assessment of public defender's lien invalid condition of insolvency affidavit required for appointment of public defender).
*82 These holdings apply with even greater force to the issue before us. The requirement that one may be found in violation of a probationary condition to make money payments only if he is or could reasonably be financially in a position to do so, see Mack, 440 So.2d at 602; Smith, 373 So.2d at 77; Jones, 360 So.2d at 1159-60, is one of constitutional dimensions which, since the defendant would otherwise be subject to jail simply for not paying an amount due regardless of the circumstances, subverts the requirements of due process and equal protection and the prohibition of imprisonment for debt. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); Fuller v. Oregon, 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974); U.S. v. Barrington, 662 F.2d 1046 (4th Cir.1981); Butterfield v. State, 488 So.2d 920 (Fla. 3d DCA 1986) (citing Bearden); State v. Duke, 10 Kan. App. 2d 392, 395, 699 P.2d 576, 578 (1985) ("The clear message in Bearden is that when determining whether to revoke probation, the trial court must consider why a probationer failed to pay a fine or court costs or make restitution as required by the conditions of probation. Automatic revocation and imprisonment of the probationer is prohibited by the Fourteenth Amendment." [emphasis in original]); see Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970).
It is inconceivable that such a right may be the subject of a valid waiver. Certainly if it is impermissible, both by statute, § 55.05, Fla. Stat. (1985), and judicially determined public policy, see Carroll v. Gore, 106 Fla. 582, 143 So. 633 (1932); Pettijohn v. Dade County, 446 So.2d 1143 (Fla. 3d DCA 1984), for the borrower to execute a cognovit note precluding the right to contest the entry of a judgment against him if he does not pay, he may not agree in advance to being imprisoned for the same reason. In making this determination, we follow State v. Dye, 715 S.W.2d 36 (Tenn. 1986), which squarely so holds. See also Duke, 10 Kan. App.2d at 395-96, 699 P.2d at 578-79; State v. Walding, 477 S.W.2d 251 (Tenn.Cr.App. 1971). We therefore disagree with Brushingham v. State, 460 So.2d 523 (Fla. 4th DCA 1984),[3] upon which the trial court understandably relied below. We find the Brushingham holding that the constitutional prohibition against imprisonment for debt may be waived as a condition of probation thoroughly unpersuasive.
For these reasons, the order revoking probation and the consequent judgment and sentence are reversed and the cause remanded for the trial court to determine, after hearing, whether Hamrick willfully violated his probation by failing to make restitution when he possessed the ability to do so.
Reversed and remanded with directions.
NOTES
[1] The trial judge stated at the conclusion of the violation hearing:

The public defender did a good job, counsel, he waived his right to contest any non-payment, there's a case on point in Florida. I have absolutely no way I can look at that case and cast it aside. That is the law in the State of Florida.
[2] Unusually enough, this case involves both the filing of an Anders brief by the special assistant public defender and a virtual confession of error by the state.
[3] The only authority cited by Brushingham is the Fourth District's own earlier case of Doherty v. State, 448 So.2d 624 (Fla. 4th DCA 1984), pet. for review denied, 458 So.2d 272 (Fla. 1984). We do not think Doherty supports that proposition. The majority opinion in Doherty specifically confines its holding to the situation involved there, in which the defendant affirmatively undertook to make restitution as a condition of his later being given a lenient sentence. The court specifically held however that:

The law is well settled that probation cannot be revoked for violation of a condition thereof requiring restitution if the probationer is financially unable to comply. All of the cases relied on for reversal in this case are decisions involving the violation of a condition of probation requiring payment of costs, restitution, and the like. It appears to us the same rule is inapposite here.
Doherty, 448 So.2d at 625. Moreover, even on the facts of Doherty itself, we agree with the dissenting opinion of Judge Walden.