McNULTY, JOSEPH P., Associate Judge.
This is a violation of probation case in which appellant appeals the revocation of his probation for failure to pay the restitution imposed as a condition thereof. We reverse.
Appellant was the sole witness at the revocation hearing at which his only defense was his inability to pay.[1] Needless to say, therefore, that while appellant admitted his failure to pay [thus obviating the burden on the state to establish it pursuant to section 948.06(4), Florida Statutes (1989) ], all the evidence was in support of that defense.
Notwithstanding, the trial court expressly held:
I find an actual violation of probation. I find no question about his ability to pay more than he’s paid, and as a matter of fact, I find he waived the inability to pay as a defense in the plea. Based on that, he’s in violation of probation. (Emphasis added.)
These findings cannot stand.
First, there was no evidence to support the essential finding of an ability to pay. Murphy v. State, 442 So.2d 1047 (Fla. 4th DCA 1983). Moreover, while it is true that a probationer must affirmatively show in ability by clear and convincing evidence, section 948.06(4), appellant’s uncontrovert-ed testimony in this regard cannot arbitrarily totally be rejected; Cf. Freiberger v. State, 343 So.2d 57 (Fla. 4th DCA 1977), and here, there is nothing in the record to support a conclusion that appellant ought not be believed.
Secondly, the state concedes that there was no evidence to support the finding that at the time of the order of probation there was a waiver, within the purview of Brushingham v. State, 460 So.2d 523 (Fla. 4th DCA 1984), of the inability-to-pay defense. That finding must therefore also fall.
On the latter point, the state’s reliance on Doherty v. State, 448 So.2d 624 (Fla. 4th DCA 1984), in support of its apparent contention that there was an implied if not express waiver here, is misplaced. That case is inapposite at least in that there the defendant at sentencing, in an effort to avoid state prison sanctions, expressly requested the court to accept his offer to make restitution (thus the “condition” of restitution was not court imposed) and further expressly acknowledged that whether he was able to raise the money or not would be irrelevant. An “implied” waiver — though not so called in that case— could well have been demonstrated. But here, no such demonstration can be made since there was no evidence at all on the point except that it nakedly appears appellant knew “he would go to jail” if he failed to make restitution. This falls far short of supporting an “implied” waiver — if there is such a thing — especially in the light of Brushingham.
*1034 In sum, the revocation of probation hearing in this case was a non-hearing. The resultant order on review is therefore reversed and the cause is remanded for a full and complete determination of whether there was a waiver of the inability defense at the time of the original plea or, if not, whether appellant has the ability to pay. Cf. Clemons v. State, 388 So.2d 639 (Fla. 2d DCA 1980), and Tuff v. State, 338 So.2d 1335 (Fla. 2d DCA 1976).
DOWNEY and LETTS, JJ., concur.

. The restitution ordered was $170,000, with legal interest, payable $30,000 within 90 days, the balance ($140,000) to be paid within 3 years.