614 So.2d 19 (1993)
Joseph STEPHENS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-0906.
District Court of Appeal of Florida, Fourth District.
February 17, 1993.
*20 Michael J. Doddo, Fort Lauderdale, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michelle A. Smith, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant pled nolo contendere to a charge of grand theft for failure to return a deposit of $100,000 for building a yacht. The trial court withheld adjudication of guilt and placed him on five years probation with the special conditions that he make restitution in the amount of $100,000 and obtain prior approval from his probation officer before traveling out of the state and country. Appellant violated his probation.
At the final hearing on appellant's violation of his probation, the state offered him one year incarceration in the county jail followed by ten years probation with restitution. The agreement required appellant to pay one-half of the restitution amount within five years and all of the restitution amount within nine-and-one-half years. The plea also provided for termination of incarceration at five months if appellant paid $50,000 in restitution and termination of probation at five years if he paid all of the restitution amount. The agreement further allowed appellant to travel out of the country with weekly reporting to his probation officer. The trial court conditioned the acceptance of the plea on appellant's agreement to waive his constitutional right not to be imprisoned for a debt as approved in Brushingham v. State, 460 So.2d 523 (Fla. 4th DCA 1984). The trial court informed appellant of the Third District Court of Appeal's disagreement with Brushingham as set out in Hamrick v. State, 519 So.2d 81 (Fla. 3d DCA 1988).
Appellant accepted the plea and the trial court adjudicated him guilty and sentenced him as stated above. He appeals and asserts the trial court erred when it conditioned the acceptance of his plea upon his agreement to waive his constitutional right not to be imprisoned for a debt. We affirm on the authority of Brushingham. See also Doherty v. State, 448 So.2d 624 (Fla. 4th DCA), petition for review denied, 458 So.2d 272 (Fla. 1984). We certify conflict, however, with Hamrick v. State, 519 So.2d 81 (Fla. 3d DCA 1988).
AFFIRMED.
DELL, GUNTHER and WARNER, JJ., concur.