630 So.2d 1090 (1994)
Joseph STEPHENS, Petitioner,
v.
STATE of Florida, Respondent.
No. 81374.
Supreme Court of Florida.
February 3, 1994.
Michael J. Doddo, Fort Lauderdale, for petitioner.
Robert A. Butterworth, Atty. Gen., and Michelle Smith and Patricia Ann Ash, Asst. Attys. Gen., West Palm Beach, for respondent.
McDONALD, Justice.
We review Stephens v. State, 614 So.2d 19 (Fla. 4th DCA 1993), because of certified conflict with Hamrick v. State, 519 So.2d 81 (Fla. 3d DCA 1988). We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution, and quash Stephens.
Stephens, a yacht broker, failed to return a customer's $100,000 deposit, and the state charged him with grand theft. In 1988 he pled nolo contendere to the charge, and the court withheld adjudication and placed him on five years' probation conditioned on his making full restitution to the victim. Three years later, his probation officer filed a violation of probation affidavit, claiming that Stephens had, among other violations, failed to make his scheduled restitution payments.
The trial court held a probation revocation hearing in February 1992. Stephens' guidelines scoresheet provided for a sentence ranging from any nonstate prison sanction to two and one-half years' incarceration. The court revoked Stephens' probation and sentenced him to one year in the county jail to be followed by ten years' probation. The probation was conditioned on his making restitution to the victim, with one-half of the amount due within five years and the remainder due within nine and one-half years. The schedule included the understanding that if the schedule were not followed Stephens would be imprisoned. The probation would be terminated, however, at any time that he made full restitution within nine and one-half years. The court conducted what it called a "Brushingham" inquiry to insure that Stephens understood all of the conditions and that he waived his right not to be imprisoned *1091 for debt. Stephens voluntarily made the waiver, and the district court affirmed.
In Brushingham v. State, 460 So.2d 523, 524 (Fla. 4th DCA 1984), the district court held
that a person charged with a crime can legally enter into a plea bargain agreement with the state that he receive probation rather than be imprisoned on conditions that he make restitution within a set period of time and that he waive his right [not] to be imprisoned for failure to pay a debt if he fails to make restitution as he has agreed, whether or not the state can prove his financial ability to make restitution. Such an agreement is not void as against public policy and is enforceable.
In Hamrick, on the other hand, the court held that such a scheme, with no determination of the defendant's ability to pay before being incarcerated for failing to make restitution, "subverts the requirements of due process and equal protection and the prohibition of imprisonment for debt." 519 So.2d at 82. Hamrick noted that Brushingham was based solely on Doherty v. State, 448 So.2d 624 (Fla. 4th DCA), review denied, 458 So.2d 272 (Fla. 1984), but that Doherty specifically confined its holding to the facts of that case, i.e., Doherty, not the trial court, proposed his own imprisonment if he failed to pay restitution. In both Brushingham and the instant case, however, the defendants did not initiate the conditions that would result in automatic imprisonment.
In Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), the Court held that a court must investigate the reasons for failing to pay a fine or restitution in probation revocation proceedings.
If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternative measures of punishment other than imprisonment. Only if alternative measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment.
Id. at 672-73, 103 S.Ct. at 2072-73. We agree and hold that, before a person on probation can be imprisoned for failing to make restitution, there must be a determination that that person has, or has had, the ability to pay but has willfully refused to do so. We understand the instant trial court's frustration at having Stephens abuse the lenient treatment given him at his original sentencing. The scheme Stephens agreed to at his second sentencing, however, was illegal and he must be resentenced.
Therefore, we quash the decision under review and direct the district court to remand for further proceedings. We approve Hamrick.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, GRIMES and KOGAN, JJ., concur.
HARDING, J., concurs with an opinion, in which OVERTON, J., concurs.
HARDING, Justice, concurring.
I concur, but write only to note that we have not addressed the validity of the plea agreement.
OVERTON, J., concurs.