PER CURIAM.
The petitioner stands convicted of a worthless check charge for which he was required to pay court costs and make restitution in the amount of $30,962.40. His adjudication of guilt was withheld and he was placed upon probation for six months, during which time restitution was to be made. Petitioner’s probation officer arranged a payment schedule. After difficulties arose, the probation officer arranged to have a modification of probation heard before the sentencing judge. When the appointed hour arrived, the petitioner appeared and an affidavit of violation of probation, based solely on the failure to make restitution, was filed against him. Petitioner forthwith entered a plea of not guilty and attempted to explain and present evidence showing that he did not have the ability to make the restitution ordered. The trial judge denied the hearing and proffer, and ordered the petitioner be taken into custody.
Before a probationer may be imprisoned for failure to make restitution, there must first be a determination that the person has, or has had, the ability to pay and willfully refused to do so. Stephens v. State, 630 So.2d 1090, 1091 (Fla.1994). Through the instant petition, petitioner seeks his release from custody here by writ of habeas corpus. The state’s return admits the factual allegations of the petition. Consequently, we have no alternative but to allow the writ, award the relief, and order the petitioner’s discharge from custody subject, of course, to all extant underlying orders entered by the trial court.
The trial judge may be aware of refractory and dilatory propensities of the petitioner that ultimately will support the revocation of probation and incarceration, but the instant *1092 alleged violation without a hearing and subsequent determination that petitioner has or had the ability to make the restitution sought, will not do.
Habeas corpus granted.