PER CURIAM.
In this direct criminal appeal, appellant raises three issues: (1) whether her motion for judgment of acquittal should have been granted because this was a circumstantial evidence case, and the evidence failed to rebut her reasonable hypothesis of innocence; (2) whether the scheme of restitution imposed is impermissible; and (3) whether investigative costs were improperly imposed, without affording her notice and an opportunity to be heard. We conclude that the evidence was legally sufficient to sustain the jury’s verdict and, accordingly, affirm as to the first issue without further discussion. However, we are constrained to reverse as to the remaining issues.
One of the special conditions of appellant’s probation provides that, if appellant fails to pay specified portions of the total amount of restitution ordered before specified dates, she is to report to begin serving a 12-month jail sentence. We reverse this provision, and direct that, on remand, the trial court amend the order of probation to make clear that appellant shall not be required to begin serving the jail sentence unless and until it is determined that she had the ability to make the restitution payment, but willfully refused to do so. Stephens v. State, 630 So.2d 1090 (Fla.1994).
Likewise, we strike the provision in the order of probation which requires appellant to pay $383.40 in investigative costs because appellant was afforded neither sufficient notice of the intent to seek the imposition of those costs nor an opportunity to be heard before they were imposed. Wood v. State, 544 So.2d 1004 (Fla.1989). On remand, those costs may again be imposed, provided that appellant is afforded proper notice, and an opportunity to be heard. Jenkins v. State, 444 So.2d 947 (Fla.1984).
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
MINER, ALLEN and WEBSTER, JJ., concur.