ON MOTION FOR REHEARING

STEVENSON, J.
We grant appellant’s motion for rehearing, withdraw our opinion of October 28, 1998, and issue the following in its place.
In 1995, pursuant to the terms of a negotiated plea, Dirico pled guilty to charges of engaging in an organized scheme to defraud, theft, and the fraudulent use of a credit card. The parties arrived at the plea colloquy with an agreement in-hand, providing for probation rather than imprisonment. A special condition of Dirico’s probation required that she pay restitution in the amount of $212,500. The agreement provided that Dirico would pay the $212,500 by making monthly payments of $275.00, a lump sum payment of $10,000 within ten months of the date of the plea, and additional lump sum payments of $10,000 every two years thereafter. Additionally, the plea agreement specifically provided that “DEFENDANT SPECIFICALLY WAIVES ABILITY TO ARGUE INABILITY TO PAY AND ACKNOWLEDGES THAT FAILURE TO MEET THIS RESTITUTION SCHEDULE WILL RESULT IN THE IMPOSITION OF THE SUSPENDED SENTENCE....” When Dirico failed to make the scheduled payments, an affidavit of violation was filed and a violation of probation hearing held. The trial court found that Dirico had the ability to pay the restitution, revoked her probation, and imposed the suspended sentence.
On appeal, Dirico contends that there was insufficient evidence to support the trial court’s finding of ability to pay. Like the appellant, we believe that the evidence presented at the violation of probation hearing was insufficient to support a finding of ability to pay. The State argues that the trial court’s order should be affirmed even if the evidence does not support appellant’s ability to pay the restitution amount because the terms of the negotiated plea specifically waive the requirement that the State establish Dirico’s ability to pay. Thus, the question that is presented is whether such a condition of probation is illegal. We find that it is, and reverse the revocation of probation.
*764 I. Is the provision of the plea agreement providing that Dirico waives her inability to pay as a defense to revocation of probation for failure to pay restitution valid?
In order to address the legality of the plea condition, it is necessary to review the cases which have specifically addressed this issue and which lead to the controlling Florida Supreme Court opinion in Stephens v. State, 630 So.2d 1090 (Fla.1994). The issue was first addressed in Doherty v. State, 448 So.2d 624 (Fla. 4th DCA 1984). In that case, Doherty was charged with aggravated battery and violation of probation. Doherty and the State negotiated a plea wherein Doherty would plead guilty to violation of his probation and to the aggravated battery charge. The plea also provided that Doherty would pay $800 in restitution to the victim prior to his sentencing. To that end, Doherty was to be released from jail for one week. If he paid the restitution, then he would receive a sentence of one year in county jail for the probation violation and one year for the battery, which would run concurrently. If he failed to pay the restitution, then he waived any right to vacate the plea and agreed that the court could sentence him to the maximum penalty permitted. See 448 So.2d at 624. Doherty failed to pay the restitution and on appeal argued that the plea agreement was illegal. A prior panel of this court disagreed, writing
The jurisprudence of this state is filled with cases requiring the state to comply with plea bargains. We see no reason why a defendant should not be required to comply also, assuming the agreement is not illegal. Here, appellant asked the court to withhold sentencing him for the aggravated battery if he made restitution to the victim. To ignore the reciprocity of such an agreement would have a deleterious affect upon any plea bargain in which restitution is an ingredient. The defendant could enter into such an agreement knowing he could not perform but then preclude subsequent action by the state by showing he did not have the ability to perform. ... This was not a court imposed condition; it was agreed upon by the appellant, who requested the court to accept it.
Id. at 626.
Later that same year, this court decided Brushingham v. State, 460 So.2d 523 (Fla. 4th DCA 1984). In that case, Brushingham had entered into a plea agreement which provided that he would be sentenced to probation. The agreement further provided that Brushingham would make restitution payments to the victim within a six-month period and that he “waived the requirement that the state establish his financial ability to make restitution in order to prove violation of probation for failure to make restitution payments.” 460 So.2d at 524. Thereafter, Brushingham failed to make the restitution payments. At this time, Brushingham pled guilty to the violation and “agreed to the same waiver if the court would reinstate his probation and extend the time for payment of the restitution.” Id. The trial court granted Brushingham’s request, reinstated his probation, and extended the time for payment an additional year. When Brushingham still failed to pay the restitution, his probation was revoked. On appeal from the revocation, Brushingham contended that his waiver of the defense of inability to pay was “unenforceable as against public policy.” This court disagreed, relying upon the earlier decision in Doherty, writing
Based on the reasoning of Doherty we conclude that a person charged with a crime can legally enter into a plea bargain agreement with the state that he receive probation rather than be imprisoned on conditions that he make restitution within a set period of time and that he waive his right [not] to be imprisoned for failure to pay a debt if he fails to make restitution as he has agreed, whether or not the state can prove his financial ability to make restitution. Such an agreement is not void as against public policy and is enforceable.

Id.

Then, in 1988, the Third District was faced with the issue. In Hamrick v. State, 519 So.2d 81 (Fla. 3d DCA 1988), the trial judge entered an order revoking Hamrick’s probation without making a finding that Hamrick *765 had the ability to make the restitution payments ordered and had wilfully refused to do so “because, when the probation was imposed, Hamrick had specifically agreed to make restitution regardless of his ability to pay.” Id. at 81. When his probation was revoked, Hamrick appealed. The Third District agreed with the State’s concession that “the defendant’s purported waiver of the right to resist revocation because of an inability to conform with the condition is invalid and unconstitutional.” Id.
The requirement that one may be found in violation of a probationary condition to make money payments only if he is or could reasonably be financially in a position to do so, [citations omitted], is one of constitutional dimensions which, since the defendant would otherwise be subject to jail simply for not paying an amount due regardless of the circumstances, subverts the requirements of due process and equal protection and the prohibition of imprisonment for debt, [citations omitted].
It is inconceivable that such a right may be the subject of a valid waiver.... We therefore disagree with Brushingham v. State, 460 So.2d 523 (Fla. 4th DCA 1984), upon which the trial court understandably relied below.
519 So.2d at 82. In a footnote, the Third District noted that the only authority for the holding in Brushingham was Doherty and that “[t]he majority opinion in Doherty specifically confines its holding to the situation involved there, in which the defendant affirmatively undertook to make restitution as a condition of his later being given a lenient sentence.” Id. at 82 n. 3.
Five years later, the validity of a defendant’s waiver of the defense of inability to pay as a condition of probation was again before this court. In Stephens v. State, 614 So.2d 19 (Fla. 4th DCA 1993), overruled, 630 So.2d 1090 (Fla.1994), the defendant pled nolo to grand theft. The trial court withheld adjudication and placed Stephens on probation with the special condition of probation that he make restitution in the amount of $100,000. Stephens violated his probation. At the revocation hearing, the State offered Stephens one year’s incarceration in county jail followed by ten years’ probation. The agreement provided that (1) Stephens would pay one half of the $100,000 in restitution within five years and all of the restitution within nine and one half years; (2) if Stephens, paid $50,000 in restitution, his incarceration would terminate at five months; and (3) if Stephens paid the entire $100,000, his probation would terminate in five years. See 614 So.2d at 20. Although not a part of the negotiated plea, the trial judge conditioned acceptance of the plea upon Stephens’ agreement to waive the defense of inability to pay. Stephens agreed to the condition. When his probation was later revoked, Stephens contended that the trial court had erred in conditioning acceptance of his plea upon his waiver of “his constitutional right not to be imprisoned for a debt.” With little discussion, this court affirmed on the authority of Brushingham, but certified conflict with Hamrick.
The supreme court accepted jurisdiction and quashed this court’s decision in Stephens. See Stephens v. State, 630 So.2d 1090 (Fla.1994). The court began its analysis by noting the holding in Brushingham that a defendant could enter into a plea agreement wherein he waives his “‘right [not] to be imprisoned for failure to pay a debt if he fails to make restitution as he has agreed, whether or not the state can prove his financial ability to make restitution.’” 630 So.2d at 1091 (quoting Brushingham, 460 So.2d at 524). The court then turned to the Third District’s decision in Hamrick, writing
In Hamrick, on the other hand, the court held that such a scheme, with no determination of the defendant’s ability to pay before being incarcerated for failing to make restitution, “subverts the requirements of due process and equal protection and the prohibition of imprisonment for debt.” 519 So.2d at 82. Hamrick noted that Brushingham was based solely on Doherty v. State, 448 So.2d 624 (Fla. 4th DCA), review denied, 458 So.2d 272 (Fla.1984), but that Doherty specifically confined its holding to the facts of that case, i.e., Doherty, not the trial court, proposed his own imprisonment if he failed to pay restitution. In both Brush- *766 ingham and the instant case, however, the defendants did not initiate the conditions that would result in automatic imprisonment.
630 So.2d at 1091 (emphasis added).
After mentioning Doherty, but neither expressly approving or disapproving its holding, the supreme court went on to write:
In Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), the Court held that a court must investigate the reasons for failing to pay a fine or restitution in probation revocation proceedings.
If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternative measures of punishment other than imprisonment. Only if alternative measures are not adequate to meet the State’s interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment.
Id. at 672-73, 103 S.Ct. at 2072-73. We agree and hold that, before a person on probation can be imprisoned for failing to make restitution, there must be a determination that that person has, or has had, the ability to pay but has willfully refused to do so.
Stephens, 630 So.2d at 1091.
In our prior opinion, we upheld the condition of Dirico’s negotiated plea waiving the defense of inability to pay as it appeared that the supreme court was distinguishing those cases wherein it was the court who had insisted that the defendant waive the defense of inability to pay — as was the case in Stephens — and those where the waiver had been made pursuant to a plea bargain — as was the case in Doherty. Upon closer review of Stephens, Doherty, and Brushingham, however, we do not believe that the supreme court intended to limit its disapproval of the waiver of the defense of inability to pay to those circumstances where the waiver was judge initiated. In Stephens, the supreme court distinguished Doherty and likened Brushing-ham to the case before it, writing that in neither case did the defendant “initiate the conditions that would result in automatic imprisonment.” 630 So.2d at 1091. Brushing-ham, however, involved nothing more than an ordinary negotiated plea. Thus, it seems that the supreme court was distinguishing Doherty not because it involved a negotiated plea, as opposed to a judge-initiated condition, but because the supreme court believed, like the Third District Court of Appeal in Hamrick,[1] that the agreement in Doherty was somehow atypical because the defendant himself had taken some extraordinary measures in seeking to have the trial court accept, as part of the plea, his agreement to waive inability to pay as a defense to any failure to pay the restitution.[2] Since the instant case does not involve some extraordinary act on the part of the defendant above and beyond agreeing to the terms of the negotiated plea, we find that Stephens controls and that the condition of probation waiving Dirico’s defense of inability to pay is illegal.
II. The Remedy
While there is some authority that a plea agreement which contains an invalid or illegal condition of probation may be vacated in toto by the court, see Brown v. State, 659 So.2d 1260 (Fla. 4th DCA 1995), neither the *767 State nor the defendant sought such relief either below or on appeal in this case. In the absence of a request from either party to invalidate the entire plea agreement, this court is reluctant to do so sua sponte.[3]
Accordingly, since the record does not support the trial court’s finding that appellant had the ability to pay the restitution amount, the revocation of probation is REVERSED.
GUNTHER and WARNER, JJ., concur.

. 519 So.2d at 82 n. 3. The agreement in Doherty does appear to be somewhat unusual in that the defendant, already in jail, agreed to pay $800 in restitution to the victim prior to sentencing and he was released from jail for one week so that he could obtain the funds.

. We seriously doubt whether even a Doherty-type agreement would remain valid under the holding in Stephens.

. We recognize that the State has consistently maintained that the subject condition of probation is valid. Notwithstanding, recognizing that the trial court or this court might disagree with its position, the State could have argued in the alternative that if the condition was illegal, the entire plea agreement should be vacated and declared invalid.