STONE, J.
Wallace King appeals an order revoking his probation for failure to pay restitution and court costs. We reverse.
King received a probation sentence after he was convicted of grand theft. As part of his probation, he was required to make *1272 restitution in the amount of $16,000. The court set a minimum monthly payment for restitution and court costs. Also, as a special condition of probation, he was required to assign the proceeds he received from a settlement in an unrelated civil case to his probation officer within ten days of receiving the award.
The court found that King had willfully violated all three conditions of probation. We first address King’s failure to comply with the special condition by turning over the proceeds from his settlement. At a violation of probation final hearing on May 31, 2000, the prosecutor announced the three violations for which King was accused, including this special condition. However, when King’s probation officer stipulated that King did not willfully violate the conditions and the state had no objection to reinstating his probation, the trial court announced its finding that there had been no willful violation.
In May 2001, a violation was again charged and a hearing was held to determine whether King violated his probation by failing to timely assign the proceeds from his settlement to his probation officer, among other allegations. When defense counsel reminded the court that the same issue had already been decided at the hearing on May 31, 2000, the court asked whether it was bound by the prior stipulation. Defense counsel assured the court that it was not bound by the probation officer’s stipulation in the earlier hearing but asked that the court consider it as further evidence that King had not willfully violated his probation.
We do not, however, address the issue of whether the court was bound by the probation officer’s stipulation. Rather, our focus is the finding made by the trial court when it reinstated King’s probation. At that hearing, the court clearly found, following the stipulation, that King’s failure to timely assign the proceeds of his settlement was not a willful violation. As the court’s finding disposed of the issue, we conclude that the state was precluded from charging King with the same violation one year later. See Albrecht v. State, 444 So.2d 8, 11-12 (Fla.1984), superseded by statute on other grounds as stated in, 448 So.2d 566 (Fla. 2d DCA 1984)(where second suit arises out of same cause of action and is between same parties as the first, the first judgment is conclusive as to all matters which were or could have been determined under doctrine of res judicata). We also note that, at the time of the second hearing, King had paid restitution in an amount exceeding the amount he received from his settlement, narrowing the issue to one of timeliness only. However, the ten day period had already passed at the time of the first hearing where the judge reinstated King’s probation and nothing that occurred in the following year gave reason to express a different finding. Therefore, the court erred in allowing the state to re-visit this issue. See id.
As to the court’s order revoking King’s probation for failure to pay the specified amount of monthly restitution and court costs, we also reverse. There is no evidence in the record to support the finding that King’s failure to make restitution payments was willful. King’s testimony that he only earned $200 a week and could not find employment to supplement his income was uncontested. See Costello v. State, 567 So.2d 1032, 1033 (Fla. 4th DCA 1990)(probationer’s uncontested testimony regarding his inability to pay cannot arbitrarily and totally be rejected). This testimony was confirmed by the probation officer’s testimony that she did not believe King had the ability to pay costs and that she had been authorized by the court, in a prior proceeding, to allow King to use his income to meet his child support *1273 responsibilities before using it for restitution purposes. Cf. Clark v. State, 510 So.2d 1202, 1203-04 (Fla. 2d DCA 1987)(af-firming an order revoking probation where probation officer confirmed that probationer who failed to pay restitution had been lax in her search for employment).
As the record does not support the trial court’s findings, we reverse the order revoking King’s probation.
POLEN, C.J., and TAYLOR, J., concur.