WARNER, J.
Appellant, Valerie Holland, challenges her sentence on welfare fraud, entered into pursuant' to a negotiated plea. As a condition of the plea, she stipulated to her ability to pay restitution and agreed to give up the defense of inability to pay if a violation for nonpayment was filed. We hold that the condition was illegal, and the sentence must be reversed.
Pursuant to the negotiated plea, the trial court withheld adjudication of Holland’s guilt, placed her on probation, and set the amount and terms of restitution. After the notice of appeal was filed, Holland filed a Florida Rule of Criminal Procedure 3.800(b) motion to correct an illegal sentence. That motion is deemed denied as a result of the trial court’s failure to rule on it within sixty days of filing. See Fla. R.Crim. P. 3.800(b)(2). The filing of the motion preserved the issue of sentence illegality for consideration on appeal.
This case is controlled by Stephens v. State, 630 So.2d 1090, 1091 (Fla.1994), in which the court deemed illegal a provision in a sentence whereby the defendant waived his right to contest his ability to pay restitution, disapproving of our decision in Stephens v. State, 614 So.2d 19 *511 (Fla. 4th DCA 1993). Stephens had been charged with grand theft. As part of the plea agreement leading to his sentence, he agreed to make restitution to the victini on a schedule of payments. When he failed to make the payments, his probation officer filed a violation. At the hearing on the violation, the state offered a plea that included county jail time and probation. See Stephens, 614 So.2d at 20. The trial court conditioned its acceptance of the plea on Stephens’s specific agreement to waive his right to contest his inability to pay restitution upon any violation. Stephens waived that right, the court sentenced him accordingly, and Stephens then appealed. We held, consistent with our prior opinion in Brushingham v. State, 460 So.2d 523 (Fla. 4th DCA 1984), that an agreement whereby the defendant knowingly waives his right to contest his ability to pay as part of a negotiated plea agreement was not void against public policy. Id. The supreme court took jurisdiction of the case and disagreed, holding that
before a person on probation can be imprisoned for failing to make restitution, there must be a determination that that person has, or has had, the ability to pay but has willfully refused to do so. We understand the instant trial court’s frustration at having Stephens abuse the lenient treatment given him at his original sentencing. The scheme Stephens agreed to at his second sentencing, however, was illegal and he must be resen-tenced.
Stephens, 630 So.2d at 1091 (emphasis added).
Although the state contends that. this appeal of Holland’s sentence is premature, either because no violation has occurred to trigger the waiver of her defense to restitution or that she must first seek to withdraw her plea, Stephens holds to the contrary. There, the court considered the illegality of the condition on direct appeal of the sentence in which the waiver condition was imposed. See Stephens, 630 So.2d at 1091. It did not require that before the issue was ripe for review the defendant would have to actually violate probation based upon failure to pay restitution, be denied his right to contest his inability to pay, and then be sentenced for the violation. According to the supreme court, the condition itself was illegal, requiring resentencing.
We have subsequently applied Stephens in Dirico v. State, 728 So.2d 763 (Fla. 4th DCA 1999), where a defendant contested a similar condition of probation, not on direct appeal, but after her probation was revoked for failure to make restitution payments. Although in Dirico we erroneously recited the facts of Stephens[1] and attempted to make a distinction not present in Stephens between a plea where the defendant suggested the condition as opposed to a plea where the trial court suggested it, we nevertheless correctly concluded that the' condition waiving the defendant’s right to present evidence of her present inability to pay was illegal and reversed. Id. at 766-67. The same result applies here.
Consistent with Stephens, we reverse and remand for further proceedings. The sentencing scheme was illegal. On remand, because of the illegality of the condition upon which both parties and the trial court accepted the plea, and the lenient sentence imposed, the state and the trial court each should have the opportuni *512 ty to determine whether to accept or agree to the plea without the waiver condition. See Barrett v. State, 622 So.2d 1371, 1372 (Fla. 4th DCA 1993).
KLEIN and GROSS, JJ., concur.

. We stated that the trial court sentenced Stephens according to the agreement containing the waiver and then Stephens violated his probation, causing it to be revoked. Dirico, 728 So.2d at 765. In fact, Stephens appealed the sentence imposing the condition, not a revocation. See Stephens, 614 So.2d at 20.