965 So.2d 360 (2007)
William Edward HOEY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-4044.
District Court of Appeal of Florida, Fourth District.
September 26, 2007.
Carey Haughwout, Public Defender and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
Defendant is serving 4 years of probation for convictions of grand theft. A condition of probation is that he pay restitution of nearly $125,000. Although he undertook to pay $401 monthly on the restitution, he has made only part of a single month's installment. He is here seeking review of an order finding him in violation of his probation, extending probation from 4 to 10 years and requiring him to pay at least $50 monthly. He argues that the evidence below established beyond any doubt that he had no ability to pay anything. We agree.
The evidence shows this. Defendant is 77 years old. He lost all his assets *361 in a voluntary bankruptcy resulting from his crime. He owns no vehicle. He receives monthly social security benefits of $1467. He lives with his wife and his 48 year-old son (who is incompetent) in a rented, three-bedroom house. His wife happens to receive monthly social security of $500, his son monthly disability benefits of $600.
All of his benefits go to the necessaries of life: rent $1100; electricity $200; water $80; telephone $70; and medicine $40. Obviously his $1467 is not enough itself to pay for these essentials, so he must rely on his wife and son to supply food. In fact they spend the remainder on food, cable television, gas and other incidentals. He indicated that from the family income they might be able to "squeeze out $10 or $20 a month."
In short the evidence is that the only way he could pay anything is by resorting to his wife's and son's benefits. In finding the ability to pay, the trial judge stated that putting "all the numbers together it does seem as though he could have paid something." In other words, the trial court relied on family benefits to find a basis to pay "something" in restitution.
The State must prove defendant has the present ability to pay restitution before probation can be revoked for a failure to pay. See Stephens v. State, 630 So.2d 1090, 1091 (Fla.1994) ("before a person on probation can be imprisoned for failing to make restitution, there must be a determination that that person [e.s.] has . . . the ability to pay but has willfully refused to do so."); see also Bearden v. Georgia, 461 U.S. 660, 668-69, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983) (if probationer willfully refuses to pay or make sufficient bona fide efforts to acquire the resources to pay, court may revoke probation). The trial judge erred in basing ability to pay on the family income. It was not the family members who were sentenced to probation and restitution but him alone. To find that he violated probation, the state was required to prove that he alone has the ability to pay but refuses to do so. The evidence is clear from his income that he cannot even make the necessaries of life, let alone pay restitution.[1]
Reversed.
GUNTHER and MAY, JJ., concur.
NOTES
[1] As time goes by the court may revisit the issue periodically to determine whether there has been any change in his income and ability to pay.