CANADY, C.J.,
dissenting.
The central issue presented by this case, in which the petitioner challenges the constitutionality of section 948.06(5), Florida Statutes (2011), is whether in probation revocation proceedings, the burden of showing inability to pay may be placed on a probationer who has failed to make payments ordered as a condition of probation. The petitioner contends that it is unconstitutional under Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), and Stephens v. State, 630 So.2d 1090 (Fla.1994), to place that burden on a probationer. He argues that the State is constitutionally required to prove the probationer’s ability to pay before probation can be revoked based on a failure to pay.
The majority effectively accepts the petitioner’s argument by requiring that the State “present sufficient evidence” of the probationer’s ability to pay before revocation for failure to pay is proper. Majority op. at 1002. Transforming the clear meaning of the statutory text, the majority invokes the avoidance canon and treats section 948.06(5) as merely giving the probationer an opportunity to rebut the State’s evidence of ability to pay. Addressing an issue not presented by the petitioner, the majority concludes that the statutory clear and convincing evidence standard is unconstitutional. The majority also concludes that the trial court’s revocation of the petitioner’s probation without a finding of ability to pay constitutes fundamental error.
For the reasons that I further explain below, I disagree with the majority’s interpretation of Bearden and Stephens, its resulting constitutional analysis regarding placing the burden of establishing inability to pay on the probationer, and its conclusion that the trial court’s failure to make a *1017 finding of ability to pay constituted fundamental error. I express no view concerning the constitutionality of the clear and convincing evidence standard since the petitioner has presented no argument on that issue.
Neither Bearden nor Stephens addresses the central question at issue here: whether it is constitutional to place the burden on a probationer to establish inability to pay in probation revocation proceedings where the State seeks revocation on the ground that the probationer has failed to make payments required as a condition of probation. Neither case — nor any other authority — provides any basis for declaring section 948.06(5) unconstitutional or for the majority’s use of the avoidance canon to rewrite the statute.
Our decision in Stephens does not address the enforcement or constitutionality of section 948.06(5). Indeed, Stephens does not mention the statute. Instead, Stephens simply recognizes the illegality of a plea agreement under which the defendant waived the right to assert in future revocation proceedings the defense of inability to make agreed restitution payments. 630 So.2d at 1091. Recognizing the illegality of such an unconditional plea agreement waiver by a probationer is a very different matter than recognizing the illegality of placing the burden on the probationer of showing inability to pay.
In Bearden, the Supreme Court addressed a state statutory scheme under which a probationer’s inability to pay was treated as “irrelevant” to the revocation decision. 461 U.S. at 673, 103 S.Ct. 2064. Bearden condemned the scheme as one of which “automatically turned a fine into a prison sentence.” Id. at 674, 103 S.Ct. 2064. The Court specifically noted that at the revocation hearing “the petitioner and his wife testified about their lack of income and assets and of his repeated efforts to obtain work.” Id. at 673, 103 S.Ct. 2064. The court further noted that notwithstanding that testimony, the trial court “made no finding that the petitioner had not made sufficient bona fide efforts to find work.” Id. The court concluded that “the record as it presently stands would not justify such a finding.” Id. Beard,en thus dealt with a scheme which precluded consideration of a probationer’s inability to pay. This is a far cry from the statute at issue here — a scheme under which the probationer is given an opportunity to litigate the issue of inability to pay, and the judge is required to consider any competent evidence of inability to pay presented by the probationer.
The Bearden court’s statement that “in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay” must be understood in the context in which it arose. Id. at 672, 103 S.Ct. 2064. In that context, the statement simply constitutes a recognition that the reasons for failure to pay are relevant to whether revocation is proper and that it is impermissible to preclude consideration of those reasons. The statement does not transform probation revocation proceedings from adversarial proceedings in which the judge sits as a neutral arbiter into inquisitorial proceedings in which the judge’s role is to investigate matters which are not raised by the probationer.
The majority states that section 948.06(5)’s burden-shifting scheme “is constitutionally permissible,” majority op. at 1013, but then — based on an unwarranted reading of Bearden and Stephens — resorts to “reading into the statute” a requirement that entirely defeats the burden-shifting provision adopted by the Legislature. Majority op. at 1013. This is not coherent. It does violence to section 948.06(5), and it does violence to the avoidance canon. *1018 (Not to mention the violence done to Bear-den and Stephens.)
The avoidance canon is a rule of restraint that points to the adoption of an interpretation that is consistent with constitutional requirements — and thus avoids ruling a statute unconstitutional — when such an interpretation is among the range of reasonable interpretations that the text of the statute will admit. In the majority’s decision, the avoidance canon has mutated from a rule of restraint to a rule of revision. The avoidance canon cannot properly justify the rewriting and the evisceration of a statutory provision in the manner accomplished by the majority decision. If the majority’s understanding of Bearden was correct — which it is not — the proper course of action would be to declare section 948.06(5) unconstitutional.
In probation revocation proceedings, “the probationer is entitled to less than the full panoply of due process rights accorded a defendant at a criminal trial.” Carchman v. Nash, 473 U.S. 716, 726, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985). “[I]t is normally within the power of the State to regulate procedures under which its laws are carried out, including the burden of producing evidence and the burden of persuasion, and its decision in this regard is not subject to proscription under the Due Process Clause unless it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.” Medina v. California, 505 U.S. 437, 445, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992) (internal quotation marks omitted) (quoting Patterson v. New York, 432 U.S. 197, 201-02, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977)). Even a criminal defendant may constitutionally be required to bear the burden of establishing that he is not competent to stand trial. Id. Since a state can impose the burden of establishing incompetency to stand trial on a criminal defendant, a state should likewise be permitted to impose the burden of establishing inability to pay on a probationer in probation revocation proceedings — proceedings which are subject to less exacting due process requirements than those applicable in criminal trials.
Finally, I disagree with the majority’s conclusion that the procedural error of a trial court in failing to make a finding regarding ability to pay constitutes fundamental error. Not every procedural error is equivalent to the denial of due process. I acknowledge that in probation revocation proceedings the petitioner is entitled to “a written statement of the factfinder as to the evidence relied on and the reasons for revoking probation.” Black v. Romano, 471 U.S. 606, 612, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985). Where the failure to make required payments is at issue, that would include a finding “that the defendant was somehow responsible for the failure.” Bearden, 461 U.S. at 665, 103 S.Ct. 2064. That does not mean, however, that a trial court’s failure to make such a finding will always require reversal.
Here, the petitioner had an opportunity to litigate the issue of ability to pay but simply failed to adequately present the issue in the trial court. The petitioner presented wholly insufficient evidence to establish his inability to pay. Although the petitioner indicated that he had no job, he did not say what efforts he had made to obtain a job. For a probationer to show an inability to pay, section 948.06(5) requires that the probationer establish a lack of resources to pay the amount ordered “despite sufficient bona fide efforts legally to acquire the resources to do so.” The petitioner totally failed to show any such “bona fide efforts.” On such a record, the trial court’s failure to make a finding concerning ability to pay is harmless beyond a reasonable doubt. See § 59.041, Fla. Stat. *1019 (2011) (“No judgment shall be set aside or reversed, or new trial granted ... unless in the opinion of the court ... after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice.”)
I therefore dissent. I would approve the decision of the Third District in the case on review as well as the Third District’s decisions in Gonzales v. State, 909 So.2d 960 (Fla. 3d DCA 2005), and Guardado v. State, 562 So.2d 696 (Fla. 3d DCA 1990). I would disapprove Shepard v. State, 939 So.2d 311 (Fla. 4th DCA 2006), Blackwelder v. State, 902 So.2d 905 (Fla. 2d DCA 2005), and Osta v. State, 880 So.2d 804 (Fla. 5th DCA 2004).