GERBER, J.
The defendant appeals the circuit court’s order revoking his probation on the grounds that he willfully failed to pay restitution and supervision costs as conditions of his probation. He argues he proved that he was unable to pay restitution and supervision costs. See § 948.06(5), Fla. Stat. (2010) (“In any hearing in which the failure of a probationer ... to pay restitution or the cost of supervision as provided in s. 948.09, as directed, is established by the state, if the probationer ... asserts his or her inability to pay restitution or the cost of supervision, it is incumbent upon the probationer ... to prove by clear and convincing evidence that he or she does not have the present resources available to pay restitution or the cost of supervision *201 despite sufficient bona fide efforts legally to acquire the resources to do so.”).
We have reviewed the transcript from the violation of probation hearing and conclude that the defendant met his burden of proof. See Costello v. State, 567 So.2d 1032, 1033 (Fla. 4th DCA 1990) (“[A]ppel-lant’s uncontroverted testimony [regarding his inability to pay] cannot arbitrarily totally be rejected ... and here, there is nothing in the record to support a conclusion that appellant ought not be believed.”) (citation omitted).
Based on the foregoing, we reverse the order revoking the defendant’s probation. We remand for the circuit court to vacate the defendant’s resulting sentences and to reinstate the defendant’s probation with all previously-ordered conditions.

Reversed and remanded.

MAY, C.J., and DAMOORGIAN, J„ concur.