HARRIS, Judge.
The state appeals the C-4 dismissal of its charges against Royce Anderson. We reverse. The undisputed facts from the motion and the traverse are as follows:
At approximately 1:00 a.m. on April 10, 1989, officers responded to a silent burglar alarm at Equipment Wholesales in Orange County. Upon arriving at the scene, they observed a vehicle speeding out of Equipment Wholesale’s parking lot. One person was also observed hiding in the shrubbery outside the building. The vehicle was pursued and stopped. Anderson was in the vehicle (with a eodefendant, Bass) along with a blue cloth bag containing two pry bars, a Phillips screwdriver, a pair of pliers, and a flashlight. On top of the blue cloth bag was an operating police scanner. Upon returning to the scene of the burglary they found an open outside restroom with an interior wall torn out leading into the office of the business. The person found hiding outside the building was identified as Todd Miller. He also possessed a pry bar and was wearing gloves.
Anderson contended that since pry bars, screwdrivers, pliers and flashlights are “tools of everyday use,” possession alone is not evidence of a crime. He relies on K. W. v. State, 468 So.2d 368 (Fla. 2d DCA 1985) for the proposition that the state must present evidence of an item’s actual use in a burglary or attempted burglary. In K. W. v. State, the juvenile was found with a knife, wire cutters and coins in his pocket. However, there was no evidence that a burglary was committed or attempted. Here, Anderson was placed at or near the scene of an actual burglary at or about the time of the burglary with tools, although fitted for everyday use, consistent with those necessary to commit the burglary.
Since a co-defendant, Miller, was found at the scene with a pry bar and the state had no direct proof that Anderson and Bass were acting in connection with Miller, the trial judge dismissed the charges.[1] We believe, however, that there was sufficient evidence from which a jury could find that the three men (with three crowbars) made the entry and were fleeing when the silent alarm was announced over the police scanner.
The C-4 motion should have been denied.
REVERSED and REMANDED.
PETERSON, J., concurs.
COBB, J., concurs specially with opinion.

. The trial judge appears to have relied on information not properly before him at this hearing. He refers to statements made by Miller at his sentencing. These statements do not appear either in the motion or the traverse and no testimony was taken at the hearing. Miller's statements, therefore, should not have been considered.