DOWNEY, Judge.
Appellant seeks reversal of a judgment of conviction and sentence of fifteen years’ imprisonment for the offense of armed robbery.
A plea of nolo contendere was entered by appellant at a hearing during which the state advised the court it would be seeking a sentence that departed from the guidelines. During a colloquy at said hearing, appellant was advised by the court and the state attorney and he acknowledged that the ultimate sentence imposed may or may not be within the guidelines; it was solely up to the court to make that decision. At the sentencing hearing, the court imposed an upward departure sentence and assessed costs or community service against appellant. Three days later, the court filed its written reasons for the departure.
Appellant contends the court erred in not allowing him to withdraw his plea in view of the departure sentence; in imposing a departure sentence; and in assessing costs or community service.
We find no error committed in not allowing appellant to withdraw his plea. It was made clear to him on the record that withdrawal or not would be entirely up to the court. In addition, appellant did not ask to withdraw his plea.
It appears the trial court did commit reversible error in imposing an upward departure sentence without contemporaneously filing written grounds justifying the departure. The court filed written reasons for departure three days after sentencing. This was error in accordance with our decision in Pittman v. State, 572 So.2d 29 (Fla. 4th DCA 1990). The sentencing herein predated the supreme court decision in Ree v. State, 565 So.2d 1329 (Fla.1990), which is not to be applied retroactively. However, the rule applied in Ree was the law of this district at the time of the sentencing herein. See Ree v. State, 512 So.2d 1085 (Fla. 4th DCA 1987).
Finally, since the appellant was indigent and no notice was given, the assessment of costs was erroneous. Furthermore, the alternative of community service in lieu of costs also was improper because the statute providing therefor had been deleted prior to sentencing. See § 27.3455, Fla.Stat. (Supp.1986).
*364 Accordingly, the judgment of conviction is affirmed, but the departure sentence and the assessment of costs are reversed and the cause is remanded with directions to provide notice and a hearing if the assessment of costs is to be considered and to resentence appellant within the guidelines.
ANSTEAD and POLEN, JJ., concur.