641 So.2d 466 (1994)
Doug VOUDRY, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1240.
District Court of Appeal of Florida, Fourth District.
August 17, 1994.
Rehearing and Clarification Denied September 16, 1994.
*467 Richard L. Jorandby, Public Defender, and Marcy K. Allen, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellee.
FARMER, Judge.
Defendant was placed on community control for two years. Eight months later, his community control officer filed an affidavit alleging numerous violations, two of which form the basis of this appeal. As to the first of the two violations, the trial court found that the defendant had violated community control by "failing to follow carefully and faithfully both the letter and spirit of valid instructions given [him] by a duly authorized community control officer." This violation was based on the defendant's failure to follow his officer's directive that he telephone the officer every day. The officer also testified that the defendant had not called him on approximately 12-20 occasions. As to the second violation, the officer testified that he had violated a provision in the sentence of community control that prohibited him from changing his employment without first obtaining the consent of his community control officer. According to the officer's testimony, defendant changed employment without informing him.
We find error in the first violation. Community control cannot be revoked on the ground that the defendant failed to make daily telephone contact with his community control officer, when the condition was imposed by that officer and not by the court. Community control may be revoked only for a violation of court imposed conditions. Chatman v. State, 365 So.2d 789 (Fla. 4th DCA 1978); Page v. State, 363 So.2d 621 (Fla. 3d DCA 1978).
We find no error in the trial court's conclusion that defendant violated the court imposed condition requiring him to seek his officer's permission before changing jobs. In view of our elimination of one of the grounds for revocation, we remand to allow the trial court to reconsider whether to revoke community control for the sole remaining violation.
REVERSED AND REMANDED WITH DIRECTIONS.
GLICKSTEIN and GUNTHER, JJ., concur.