657 So.2d 36 (1995)
Lorenzo ROYSTER, Appellant,
v.
STATE of Florida, Appellee.
No. 94-3000.
District Court of Appeal of Florida, Fourth District.
June 21, 1995.
Rehearing Denied July 31, 1995.
Richard L. Jorandby, Public Defender, and Steven H. Malone, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michelle A. Konig, Asst. Atty. Gen., West Palm Beach, for appellee.
PARIENTE, Judge.
We reverse that portion of the order of probation and order of community control providing that defendant may perform community service hours in lieu of paying the cost of supervision if he does not have the ability to pay this cost. We reject the state's argument that the provision is permissive only and that defendant acquiesced to it.
A trial court no longer has the authority to require a defendant to perform community service hours as an alternative to paying the cost of supervision. Price v. State, 620 So.2d 1105 (Fla. 4th DCA 1993); Parks v. State, 595 So.2d 1056 (Fla. 4th DCA 1992); Bush v. State, 579 So.2d 362 (Fla. 4th DCA 1991). Although the provision is couched in permissive language, the only alternative to an indigent defendant, who is unable to pay the cost, would be to perform community service. Because a defendant's due process rights would be implicated if forced to pay courtimposed costs if the defendant can show an inability to pay, State v. Beasley, 580 So.2d 139, 142-43 (Fla. 1991) (citing Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983)), it follows that a defendant may not be required to perform community service hours in lieu thereof if unable to make such payment  especially in light of our decisions in Price, Parks and Bush. Accordingly, we strike this condition.
REVERSED AND REMANDED.
DELL, C.J., and KLEIN, J., concur.