PER CURIAM.
In accordance with Lund v. State, 658 So.2d 679 (Fla. 1st DCA 1995), we strike the civil restitution lien order entered in this case, based on its noncompliance with the requirements of section 960.292(3), Florida Statutes (Supp.1994). As was the case in Lund, the lien at issue here is invalid in that it does not identify the person or entity in whose favor it is imposed. In view of this disposition, we decline to reach the other issues presented by appellant regarding the interpretation of the statute and its eonstitu- *329 tionality, and the absence of the defendant at the time the hen was imposed.
Appellant farther argues that the trial court erred in imposing costs without reference to statutory authority. The state acknowledges and we agree that this issue should be remanded to the trial court for clarification as to the nature of each assessment and the statutory authority underlying it. We therefore strike the assessment of court costs in the amount of $580, without prejudice to the reimposition of these costs upon compliance with the proper procedures. See, Bryant v. State, 661 So.2d 1315 (Fla. 1st DCA 1995); Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995); Bradshaw v. State, 638 So.2d 1024 (Fla. 1st DCA 1994). We further direct the trial court, on remand, to strike the provision of the probation order allowing appellant to perform community service in lieu of a portion of the court costs, as this alternative is no longer authorized. Parks v. State, 595 So.2d 1056 (Fla. 4th DCA 1992); Bush v. State, 579 So.2d 362 (Fla. 4th DCA 1991). In all other respects, the judgment and sentence of the trial court is affirmed.
JOANOS, MICKLE and VAN NORTWICK, JJ., concur.