673 So.2d 544 (1996)
Patrick TRACY, Appellant,
v.
STATE of Florida, Appellee.
No. 95-0386.
District Court of Appeal of Florida, Fourth District.
May 15, 1996.
Richard L. Jorandby, Public Defender, and Karen E. Ehrlich, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, Elliot B. Kula, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We reverse the revocation of appellant's community control. First, the order which he allegedly violated required him to pay costs at a rate per month to be determined "through the Department of Corrections." The amount of restitution cannot be delegated by the court to a probation officer. See e.g., Goodling v. State, 482 So.2d 594 (Fla. 4th DCA 1986). That principle has been applied to costs and fees. Moore v. State, 623 So.2d 795 (Fla. 1st DCA 1993). Second, because the order placing him on community control did not specify either a payment schedule or a time limit for paying costs and fees, or a time limit for completing community service, appellant had the entire time of his probation in which to do so. See *545 Young v. State, 566 So.2d 69 (Fla. 2d DCA 1990). This revocation, which occurred before the term was up, was thus improper.
In addition, the state concedes error in that the written order which found seven grounds for revocation does not conform to the oral pronouncement which found only three. We find no error in the other grounds for revocation, but remand for reconsideration in light of our conclusion that one of the grounds was improper. See Durden v. State, 577 So.2d 640 (Fla. 4th DCA 1991).
KLEIN, PARIENTE and GROSS, JJ., concur.