PER CURIAM.
We reverse that portion of the order of probation providing that appellant may perform 50 hours of community service in lieu of costs of supervision. Royster v. State, 657 So.2d 36 (Fla. 4th DCA 1995). Because the trial court was without the authority to impose such a condition, that portion of the sentence was illegal. Id. Appellant did not waive his right to contest this issue on appeal by entering into a negotiated plea, since a defendant cannot acquiesce in an illegal sentence. Cheney v. State, 640 So.2d 103 (Fla. 4th DCA 1994); Purvis v. Lindsey, 587 So.2d 638 (Fla. 4th DCA 1991). We have jurisdiction of this appeal under section 924.06(l)(d), Florida Statutes (1995). See Fla. R.App. P. 9.140(b)(1)(D); Robinson v. State, 373 So.2d 898, 902 (Fla.1979).
The record indicates that the performance of this community service was not a condition *1098 precedent to the acceptance of the plea, but was in lieu of costs of supervision. We reverse and remand to the trial court for the entry of an amended order striking that portion of the order of probation that allows the defendant to perform 50 hours of community service in lieu of costs of supervision.
KLEIN, SHAHOOD and GROSS, JJ., concur.