684 So.2d 266 (1996)
Jean ANTOINE, Appellant,
v.
STATE of Florida, Appellee.
No. 96-0602.
District Court of Appeal of Florida, Fourth District.
December 4, 1996.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ettie Feistmann, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, Judge.
Appellant, Jean Antoine was convicted of indecent assault on a child under sixteen, and was sentenced to two years' community control followed by eight years' probation. Six *267 months later, an affidavit and warrant were filed against him for violation of community control for failure to pay $20.89 per month towards his court costs and Victim Compensation Fund and for failure to complete a sex offender counseling program. Following a hearing, the trial court revoked appellant's community control and sentenced him to four and one half years in prison followed by three years' probation. We reverse and remand with directions.
Appellant was the only witness to testify at the revocation hearing. He admitted that he had not paid the costs imposed because he was experiencing financial difficulties. In addition, he testified that he had not attended the sex offender counseling program because he had language difficulties with the doctor's program and that the doctor made no allowances for appellant's poor English. Appellant testified that he could understand "some [English], but not everything they say." Based on these admissions, the court revoked appellant's community control.
The original, oral pronouncement of sentence was as follows:
The defendant to participate in Doctor Spencer's program for sexual disorders, random urine, no volunteer work that involve[s] organization, that deal[s] with children, court costs, trust fund.
The court indicated that it would "make the determinations that are necessary with regard to defendant's financial status" at a later date. The written order of community control reflects $50 for victim costs, $200 for trust fund, and $5 assessment "on a schedule to be determined by your community control officer." The order also indicates that the costs of supervision were waived (i.e., "Waive COS"). No entry was made in the section entitled "Court Costs."
We hold that, for the following reasons, it was error for the trial court to revoke community control based on appellant's failure to pay court costs. Appellee concedes, and we agree, that the terms of appellant's obligation to pay court costs are not clear from either the transcript of the sentencing hearing or the written order. The terms pronounced orally control over the written order, State v. Anderson, 569 So.2d 1369 (Fla. 4th DCA 1990); therefore, since the oral pronouncement is silent with regard to the terms and, more specifically, does not specify either a payment schedule or a time limit for paying costs, appellant has the entire term of his community control within which to do so. See Tracy v. State, 673 So.2d 544, 545 (Fla. 4th DCA 1996). Thus, it was error for the court to revoke appellant's community control prior to the expiration of appellant's community control term. The written order's delegation to appellant's community control officer of the task of determining a payment schedule is an improper delegation of authority. Id. Further, notwithstanding the fact that revocation based on failure to pay costs was premature, it was also error for the court to revoke community control without first making a finding that appellant has the ability to pay. See Allen v. State, 662 So.2d 380 (Fla. 4th DCA 1995).
We find no error in the trial court's determination that appellant violated the condition of community control which required him to attend the sex offender counseling program. In view of our invalidation of the first ground for revocation, however, we remand to the trial court to reconsider revocation of community control based solely on the remaining violation. See Voudry v. State, 641 So.2d 466 (Fla. 4th DCA 1994).
Reversed and remanded with directions.
DELL and STEVENSON, JJ., concur.