691 So.2d 1196 (1997)
Lorenzo ROYSTER, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2399.
District Court of Appeal of Florida, Fourth District.
April 23, 1997.
Richard L. Jorandby, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Denise S. Calegan, Assistant Attorney General, West Palm Beach, for appellee.
PARIENTE, Judge.
Defendant appeals from prison sentences imposed in three separate cases following the revocation of community control. We reverse because one of the violations underlying the revocation was based on an invalid condition of community control.
Defendant, while on community control in three separate cases, was charged with violating his conditions of community control by failing to: (1) submit a daily log for two weeks; (2) perform community service hours in lieu of paying costs of supervision; and (3) file monthly reports from June 1995 through March 1996. Following a consolidated hearing, the trial court revoked defendant's community control and sentenced him to concurrent prison terms of five years in the first case, eight years in the second, and eight years as a habitual offender in the third.
The state concedes that the condition permitting defendant to perform community service hours in lieu of paying costs of supervision has been held to be invalid, see Royster v. State, 657 So.2d 36 (Fla. 4th DCA 1995), and thus could not serve as an appropriate basis for community control revocation. Because *1197 we are unable to determine from the record whether the trial court would have revoked defendant's community control and imposed the same sentences based on the two remaining violations, we reverse and remand to the trial court for reconsideration of its decision to revoke community control. See Brown v. State, 659 So.2d 1260 (Fla. 4th DCA 1995); Voudry v. State, 641 So.2d 466 (Fla. 4th DCA 1994); Vezina v. State, 644 So.2d 602 (Fla. 1st DCA 1994); cf. Kiess v. State, 642 So.2d 1141 (Fla. 4th DCA 1994).
Should the trial court decide on remand to revoke defendant's community control based on the two remaining violations, the trial court may reimpose the same sentences or exercise its discretion to impose reduced sentences. See Vezina, 644 So.2d at 604. Any order revoking community control shall be reduced to writing. See Watts v. State, 688 So.2d 1018 (Fla. 4th DCA 1997), and cases cited therein.
STONE and SHAHOOD, JJ., concur.