698 So.2d 381 (1997)
David LLUMBET, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1867.
District Court of Appeal of Florida, Fourth District.
August 27, 1997.
*382 Richard L. Jorandby, Public Defender, and Christine Sciarrino, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Barbra Amron Weisberg, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
David Llumbet appeals the revocation of his community control in two separate cases and the resulting judgments and sentences. We affirm in part, reverse in part, and remand for reconsideration.
In April, 1994, Llumbet was convicted and sentenced to two years community control followed by three years probation for burglary of a structure, possession of burglary tools and grand theft. He was ordered to pay $52 per month for costs of supervision. In September, 1994, a probation officer filed an affidavit alleging ten violations of community control. Shortly thereafter, the state charged Llumbet in a second case with burglary of a structure, grand theft and possession of burglary tools. As a result, an amended affidavit of violation of community control was filed in the first case adding allegations of violation for the charges in the second case, and for Llumbet's failure to remain confined to his residence on the date of those crimes.
On December 1, 1994, Llumbet was adjudicated guilty and sentenced in the second case as an habitual offender to two years community control followed by eight years probation. He was ordered to pay $50 per month for costs of supervision, or perform community service hours in lieu of payment. The court set restitution at $235.20.
On the same day, Llumbet entered a plea to a violation of community control in the first case. The court revoked community control and reimposed the original sentencetwo years community control followed by three years probation. The court ordered Llumbet to pay $50 per month for costs of supervision and approved community service hours in lieu of payment. The court waived payment of costs of supervision while Llumbet attended the ordered drug program.
On September 8, 1995, Llumbet's community control officer went to Llumbet's home at 7:50 a.m. and instructed him to report to his office at 10:30 a.m. to submit to a urine drug test. Llumbet failed to report and never showed up again.
Affidavits of violation of community control were filed in both cases alleging that Llumbet was in violation for 1) failing to comply with the community control officer's instruction to report on September 8; 2) failing to pay $52 per month for costs of supervision, and running up a $520 arrearage; 3) failing to remain confined to the approved residence on July 2 and September 7, 1995; and 4) failing to submit to a urinalysis test as requested by the community control officer on September 8. The affidavit of violation for the second case also alleged that Llumbet failed to make restitution of $235.20 at the rate of $50 per month and that he was in arrears for the full amount.
The court found Llumbet in violation for failing to comply with the instruction to report to the community control officer on September 8, failing to pay $255 for costs of supervision, declaring him to be $500 in arrears, and failing to pay $235.20 in restitution at the rate of $50 per month. Without elaborating, the court found Llumbet not guilty of the remaining alleged violations. After noting Llumbet's six prior convictions for burglary or possession of burglary tools, two prior convictions for grand theft and his history of traffic offenses, the court sentenced him as an habitual offender in the second case to seven years in prison followed by three years probation. For the violation in the first case, the court sentenced Llumbet to five years in prison, concurrent with the sentence for the second case.
*383 Llumbet argues that the trial court erred in finding that he willfully and substantially failed to follow his community control officer's instructions to report on September 8, where it was raining, he had no transportation and he was given only three hours notice to report. Whether, under the circumstances, Llumbet's violation should have been excused is a matter within the discretion of the trial court. Porras v. State, 651 So.2d 183 (Fla. 3d DCA 1995); see Allen v. State, 666 So.2d 259, 260 (Fla. 4th DCA 1996). Although lack of transportation may be an excuse where the distance to be travelled is substantial and the defendant otherwise attempted to comply, see Washington v. State, 667 So.2d 255, 256 (Fla. 1st DCA 1995); Shaw v. State, 391 So.2d 754, 755 (Fla. 5th DCA 1980), the trial court did not abuse its discretion in finding Llumbet in violation for failing to follow the September 8 directions of the officer to report since Llumbet lived only three miles from the community control office and could have walked if necessary.
The trial court did not err in finding a violation for Llumbet's failure to pay costs of supervision, where it was uncontroverted that Llumbet never made any payments toward those costs. We recognize that the order of community control improperly permitted community service hours in lieu of paying costs of supervision. See Royster v. State, 657 So.2d 36 (Fla. 4th DCA 1995). In Royster we held that "[b]ecause a defendant's due process rights would be implicated if forced to pay court-imposed costs [by performing community service] if the defendant can show an inability to pay, it follows that a defendant may not be required to perform community service hours in lieu thereof if unable to make such payment..." Id. (citations omitted and emphasis supplied). However, Llumbet never claimed an inability to pay the costs of community control, nor did he perform one hour of community service. The evidence demonstrates that Llumbet was instructed and was aware of the required payment procedures and amount, and that he was employed and had the ability to pay. Unlike Royster v. State, 691 So.2d 1196 (Fla. 4th DCA 1997), where community control was wrongfully revoked for the defendant's failure to perform community service in lieu of paying costs of supervision, Llumbet was in violation for willfully refusing to pay the costs when he had the ability to do so, not for failing to perform community service.
Although there was no error in finding Llumbet in violation for failing to pay costs of supervision, we remand for correction of the arrearage amount. As the state concedes, contrary to the order of community control, the trial court's calculations failed to waive the costs of supervision while Llumbet attended the drug program.
Revocation on the ground that Llumbet failed to pay restitution was premature. See Tracy v. State, 673 So.2d 544 (Fla. 4th DCA 1996). The trial court did not set forth a restitution payment schedule, and it is improper for the court to delegate that task to the defendant's community control officer. Id. Where the orders obligating Llumbet to pay restitution do not specify either a payment schedule or a time limit for payment, Llumbet had the entire term of his community control within which to pay. Id. Llumbet still had over a year of community control followed by eight years of probation during which he could have satisfied his restitution condition. We also note that the court mistakenly stated the arrearage amount to be $355.30, rather than $235.20.
As to Llumbet's other claims, we find no merit.
Because we cannot determine from the record whether the trial court would have revoked Llumbet's community control based on the two valid violations, we reverse the order of revocation and remand for reconsideration. Royster, 691 So.2d at 1196; Mathis v. State, 683 So.2d 634, 637 (Fla. 4th DCA 1996). On remand, if the trial court determines that revocation remains warranted, it must enter a written order of revocation. See, e.g., Watts v. State, 688 So.2d 1018 (Fla. 4th DCA 1997).
GLICKSTEIN, PARIENTE and GROSS, JJ., concur.