727 So.2d 952 (1998)
Carlton WILLIS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2918.
District Court of Appeal of Florida, Fourth District.
October 21, 1998.
Opinion Denying Rehearing December 30, 1998.
*953 Richard L. Jorandby, Public Defender, and Siobhan Helene Shea, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Denise S. Calegan, and Heidi L. Bettendorf, Assistant Attorneys General, West Palm Beach, for appellee.
KLEIN, Judge.
Appellant pled guilty to carrying a concealed firearm and was sentenced to nine months probation. He now appeals the revocation of that probation, arguing that there was no evidence that he committed an aggravated assault. He also contends that since the trial court had not imposed a schedule for paying costs or completing community service, revocation was improper on those grounds as well.
The incident involving aggravated assault occurred in the presence of another man and a woman who had dated the appellant. Appellant had seen them in the parking lot of a theater and asked if they were dating. Later, when the other man took the woman home, they saw appellant coming toward their car, pointing something, and the woman said "Oh, my God, he has a gun."
The man filed a police report the next day alleging that appellant had pointed a gun at them, but at the revocation hearing, he testified that appellant was "pointing like a gun or something," and that his companion had said that he had a gun. The man testified that he did not actually see a gun. The woman acknowledged that she had written in a police statement that appellant had come at her with a gun, but at the hearing she testified that she did not see any gun.
We disagree with appellant's assertion that there was no evidence that he had a gun. The woman's statement to her companion at the time, introduced into evidence at the revocation hearing through her companion, was a classic example of an excited utterance, admissible as an exception to the hearsay rule under section 90.803(2), Florida Statutes (1997) ("A statement or excited utterance relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."). Although the evidence was conflicting, the trial court was in the best position to weigh the credibility of the witnesses. Miller v. State, 661 So.2d 353 (Fla. 4th DCA 1995).
The trial court also found that appellant violated three other conditions of his probation, the first requiring him to pay fifty dollars a month toward the cost of his supervision, the second requiring him to pay certain costs, and the third requiring him to perform fifty hours of community service. The court was correct as to the fifty dollars per month supervision costs; however, we find a problem with the other costs and the community service. That problem arises out of the fact that when appellant was arrested and incarcerated for violating his probation, his probationary term still had eighteen days to go. He correctly argues that, because there was no time schedule for payment of the costs or performance of the community service, he had until the end of his probationary term to comply with those conditions. Llumbet v. State, 698 So.2d 381 (Fla. 4th DCA 1997)(where order requiring defendant to pay restitution does not specify a payment schedule or time limit, defendant has entire time of community control in which to pay).
Because we are confident from this record that the trial court would have revoked probation without the violations of the conditions requiring the payment of costs and performance of community service, Wilson v. State, 506 So.2d 1170 (Fla. 3d DCA 1987), we affirm the revocation, but only on the aggravated assault charge and the failure to pay the costs of supervision, which was scheduled monthly.
We caution trial judges to either set periodic schedules or time limits prior to the end of probationary periods for conditions which require affirmative acts of the defendant, such as payments or performance of community service. Without such scheduling, it is difficult to revoke for violation of those conditions, because the defendant has until the end of the period to perform them, Llumbet, yet the court loses jurisdiction over the defendant at the expiration of the period. *954 McGraw v. State, 700 So.2d 183, 184 (Fla. 4th DCA 1997). Affirmed as modified.
WARNER, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.

ON MOTION FOR REHEARING
KLEIN, Judge.
Appellant has moved for rehearing arguing that our holding that there was sufficient evidence to revoke appellant's probation conflicts with State v. Green, 667 So.2d 756 (Fla.1995) and State v. Moore, 485 So.2d 1279 (Fla.1986), in which the Florida Supreme Court held that a prior inconsistent statement standing alone is insufficient to prove guilt in a criminal prosecution.
We disagree with appellant for two reasons. First, the evidence which we found sufficient to support revocation of probation was not offered as a prior inconsistent statement (for purpose of impeachment) but rather was an excited utterance, which was admissible as substantive evidence. Williams v. State, 714 So.2d 462 (Fla. 3d DCA 1997), rev. denied, 717 So.2d 542 (Fla.1998)(excited utterance is sufficient evidence on which to base conviction). Second, the rationale of Moore and Green is that a prior inconsistent statement alone is insufficient to prove guilt beyond a reasonable doubt. That is not the burden of proof on the state in a probation revocation proceeding. Anderson v. State, 711 So.2d 106 (Fla. 4th DCA 1998)(to support revocation of probation, state has burden of proving the violation by the greater weight of the evidence).
We therefore deny appellant's motion for rehearing.
WARNER, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.