PER CURIAM.
Multiple affidavits were filed alleging Appellant violated the conditions of her community control and probation by: (1) failing to pay restitution; (2) failing to pay court costs; (3) leaving employment without the permission of her probation officer; (4), (5), (9) and (12) failing to comply with her probation officer’s instructions; (6) and (7) failing to receive self-improvement counseling; (8) failing to seek and maintain employment; and (10) and (11) failing to submit monthly reports. After a hearing, the trial court found Appellant violated the conditions of her probation, revoked her probation and sentenced her to sixty months’ incarceration. We reverse and remand.
As to allegations (1) and (2), the trial court failed to make a finding that Appellant had the ability to pay restitution and court costs. See Stephens v. State, 630 So.2d 1090 (Fla.1994) (holding trial court must find probationer had ability to pay before revoking probation based on failure to pay restitution and costs). Consequently, the revocation of probation based on allegations (1) and (2) must be reversed.
Allegations (3)-(8) involve violations of Appellant’s community control, which expired on January 29, 2004, two weeks before the arrest warrant was signed. See Hoffman v. State, 729 So.2d 421, 423 (Fla. 1st DCA 1999) (holding trial court cannot revoke probation based on violation of community control if warrant not signed before expiration of community control period). Accordingly, revocation based on allegations (3) through (8) must also be reversed.
The findings as to allegations (9) through (12) are supported by competent, substantial evidence. However, because the written order does not specify which conditions were violated, it is unclear whether the trial court, would have revoked Appellant’s probation or imposed the same sentence based upon the remaining violations. See George v. State, 577 So.2d 996, 997 (Fla. 1st DCA 1991).
The order of revocation is REVERSED and the case REMANDED for redetermi-nation consistent with this opinion.
KAHN, C.J., HAWKES, and THOMAS, JJ., concur.