939 So.2d 311 (2006)
DWAYNE SHEPARD, Appellant,
v.
STATE OF FLORIDA, Appellee.
No. 4D05-2636.
District Court of Appeal of Florida, Fourth District.
October 18, 2006.
Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
This is an appeal from a disposition order revoking probation. Appellant Dwayne Shepard ("Shepard") raises two issues in this appeal. First, he argues that the trial court erred in finding him guilty of violating probation for failing to pay costs because the State failed to prove his ability to pay those costs. Second, he argues that the trial court erred in finding him guilty of violating probation for failing to pay costs because he had until the end of his probationary period to pay. We reverse and remand based upon the State's failure to prove that Shepard had the ability to pay the required costs. We affirm as to the second issue, finding the trial court's order that Shepard pay monthly installments sufficient to sustain the trial court's finding of guilt as to that allegation.
Shepard was originally charged in 2002 with one count of lewd or lascivious battery and one count of contributing to the delinquency of a minor. In 2003, Shepard entered a plea of no contest. He was sentenced to four years of sex offender probation for the lewd or lascivious battery count and time served on the contributing to the delinquency of a minor count.
In December 2004, Shepard was charged with violating his probation. The amended affidavit alleged eight separate probation violations. Allegations II and III concerned Shepard's alleged failure to report to probation on December 3, 2004. Allegation IV concerned Shepard's alleged failure to pay costs of supervision in the amount of $113.06. Allegation V concerned Shepard's alleged failure to pay court costs in the amount of $125.55.[1]
Shepard's probation officer, Tony Porter, testified at the final violation of probation hearing. Porter had instructed Shepard "word-for-word" on each of the conditions of Shepard's probation. Shepard was required to report to probation on the third day of each month, and Porter testified that Shepard failed to report on December 3, 2004. The last contact that Porter had with Shepard was a telephone conversation on November 29, 2004.
Porter further testified that as a condition of probation, Shepard was required to pay $60.30 per month in court costs and costs of supervision. On November 3, 2004, Shepard made a payment of $70.00. Porter believed that Shepard previously made other payments, because otherwise his arrearage at the time of the hearing would have been significantly higher. Porter did not have a record of the other payments at the time of the hearing.
Shepard told Porter "in spurts" that he was having trouble finding employment. Shepard could have worked for a landscaping business owned by his father, but instead he eventually found employment somewhere else. Shepard also told Porter that he was having trouble paying costs. After the State rested, the defense called Porter who testified that Shepard was in custody from June 8, 2004 to October 22, 2004.
The trial court found Shepard guilty of allegations II and III, for failing to report to probation on December 3, 2004.[2] As to allegations IV and V, regarding Shepard's payment obligations, Shepard's counsel argued that the State failed to prove that he had the ability to pay these costs. Defense counsel also argued that since Shepard was in custody from June to October 2004, his violation was not substantial or willful. The trial court cited section 948.06(5), Florida Statutes, for the rule that in any hearing in which there is an allegation of failure to pay the costs of supervision, it is incumbent upon the probationer to prove by clear and convincing evidence he does not have the resources. The trial court found that Shepard had failed to meet this standard and found him guilty on allegations IV and V.
Shepard raises two points on appeal. Initially, he argues that the trial court erred in finding him guilty of violating probation for failing to pay costs because the State failed to prove his ability to pay. We agree.
Shepard argues that the trial court erroneously required him to prove his inability to pay court costs and costs of supervision by clear and convincing evidence. He further argues that the burden was on the State to prove that the violation of probation was willful by proving his ability to pay, and the State did not meet this burden. The State claims that Shepard had the burden to prove his inability to pay costs.
It is well-settled that probation may be revoked only upon a showing that the probationer deliberately and willfully violated one or more conditions of probation. See Steiner v. State, 604 So. 2d 1265, 1267 (Fla. 4th DCA 1992). To revoke probation, the conscience of the court must be satisfied that the State proved by a greater weight of the evidence that, under the totality of the circumstances, the probationer deliberately, willfully, and substantially violated a condition of his or her probation. See Blackshear v. State, 771 So. 2d 1199, 1200 (Fla. 4th DCA 2000).
This case demonstrates the tension between the State's burden to show that the probationer willfully, substantially, and deliberately violated a condition of his probation, and the requirement of section 948.06(5), Florida Statutes, that a probationer asserting inability to pay must prove such inability by clear and convincing evidence. This section, upon which the trial court relied, provides in pertinent part:
In any hearing in which the failure of a probationer or offender in community control to pay restitution or the cost of supervision . . . is established by the state, if the probationer or offender asserts his or her inability to pay restitution or the cost of supervision, it is incumbent upon the probationer or offender to prove by clear and convincing evidence that he or she does not have the present resources available to pay restitution or the cost of supervision despite sufficient bona fide efforts legally to acquire the resources to do so.
§ 948.06(5), Fla. Stat. (2003).
Shepard argues that despite the plain language of the statute, the State's overriding burden to prove that the probation violation was willful and deliberate requires that the State show that the probationer had the ability to pay the costs. In Stephens v. State, 630 So. 2d 1090, 1091 (Fla. 1994), the Florida Supreme Court considered whether a probationer could legally have his probation revoked for failure to pay court-ordered restitution. The court examined the United States Supreme Court's holding in Bearden v. Georgia, 461 U.S. 660 (1983). In Bearden, the Court stated that it would be contrary to the fundamental fairness required by the Fourteenth Amendment to deprive a probationer of his conditional freedom for failure to pay fines or restitution in probation proceedings, if the probationer could not pay despite bona fide efforts to acquire the resources to do so. 461 U.S. at 672-73. Following the reasoning of Bearden, the Florida Supreme Court in Stephens held that "before a person on probation can be imprisoned for failing to make restitution, there must be a determination that that person has, or has had, the ability to pay but has willfully refused to do so." Stephens, 630 So. 2d at 1091.
Shepard also relies on Blackwelder v. State, 902 So. 2d 905 (Fla. 2d DCA 2005). In Blackwelder, appellant Blackwelder argued that the trial court erred in finding that he had violated his probation by failing to pay the costs of supervision. 902 So. 2d at 906. At the hearing, the trial court heard evidence that Blackwelder was delinquent $658.20 at the time of the hearing, and that Blackwelder was employed until one month prior to the hearing. Id. at 907. Citing Stephens, the Second District held that the State is required to present evidence of the probationer's ability to pay to demonstrate the willfulness of the probation violation. Id.
Despite the language of the statute, where the violation alleged is a failure to pay costs or restitution, there must be evidence and a finding that the probationer had the ability to pay. See Warren v. State, 924 So. 2d 979, 980-81 (Fla. 2d DCA 2006). In this case, the trial court failed to make a finding that Shepard had the ability to pay. Additionally, based on the record before us, we hold there was no evidence to support such a finding. We therefore reverse as to this issue.
Shepard also urges that the trial court erred in finding him guilty of violating probation for failing to pay court costs because he had until the end of his probationary period to do so. The State contends that this argument is without merit and argues that where the probation order does not specify the time and manner in which to pay court costs, Florida law requires they be paid immediately, not by the end of the probationary term. We affirm as to this issue.
Regarding payment of costs on conviction, section 938.27(2)(a), Florida Statutes, provides that the trial court "shall require the defendant to pay the costs within a specified period or in specified installments." § 938.27(2)(a), Fla. Stat. (2003). However, section 938.27(2)(c), Florida Statutes, provides that if the court does not specify, "costs shall be paid immediately." § 938.27(2)(c), Fla. Stat. (2003).
The State relies upon the plain language of section 938.27(2)(c) in support of its position that costs must be paid immediately if the probation order mandating payment of costs does not specify a time. Shepard argues to the contrary, that if the probation order does not specify the time or schedule for payment, the probationer has until the end of the probation period to pay. See Shipman v. State, 903 So. 2d 386, 387 (Fla. 2d DCA 2005)(reversing revocation of defendant's probation for failure to pay court costs where no schedule or time period for payment was provided); see also Tracy v. State, 673 So. 2d 544, 544-45 (Fla. 4th DCA 1996)(reversing revocation of appellant's community control for failure to pay costs and fees where order placing him on community control failed to specify time limit or schedule for payment).
Although we note the cases cited by Shepard, this case differs from Shipman and Tracy because although Shepard's probation order did not include a time limit by which Shepard was required to have paid, it did include a schedule in that the order required payment to be made in monthly installments. See Francois v. State, 923 So. 2d 1219, 1222 (Fla. 3d DCA 2006). We find this sufficient in the present case and affirm Shepard's revocation as to this issue.
The trial court found Shepard guilty of allegations II and III for his failure to report to probation. These allegations are not at issue on this appeal and may be sufficient to support the revocation of Shepard's probation and his sentence. However, in the absence of any indication in the record that the trial court would have revoked Shepard's probation and imposed the same sentence based upon a finding of guilt on allegations II and III alone, we must remand to the trial court for redetermination and, if the trial court again determines to revoke Shepard's probation, for resentencing. See Powell v. State, 920 So. 2d 720, 721 (Fla. 1st DCA 2006); Fox v. State, 876 So. 2d 717, 717 (Fla. 4th DCA 2004).
Reversed and Remanded.
STONE and HAZOURI, JJ., concur.
Not final until disposition of timely filed motion for rehearing.
NOTES
[1] The State dismissed allegations I, VI, VII, and VIII at the hearing, leaving the trial court to consider allegations II, III, IV, and V only.
[2] The trial judge stated at the hearing that the violation was failing to report on December 5th, but Porter's testimony was that Shepard was to report on the third day of each month, and failed to do so on December 3rd.