PER CURIAM.
Seays appeals the trial court’s order of a violation of probation, arguing the State failed to meet its burden of proof in presenting mere hearsay evidence. We disagree and affirm.
While Seays was serving a probationary period he was arrested for domestic battery. He pleaded no contest and adjudication was withheld. Based on that arrest, the State filed an affidavit of violation of probation against Seays.
At the VOP hearing, the State presented testimony of the officer who arrived on the scene. The officer testified that upon his arrival, he witnessed the distressed victim together with Seays in a closed bedroom. He also introduced the victim’s hearsay statement that Seays kicked and slapped her as well as photographs depicting the victims appearance at the scene where he observed “redness and swelling” on the left side of her face. The trial court found that Seays committed the alleged violation, thereupon revoking his probation and sentencing him to five years in jail.
In Shepard v. State, 939 So.2d 311 (Fla. 4th DCA 2006), this Court recognized: “To revoke probation, the conscience of the court must be satisfied that the State proved by a greater weight of the evidence *891 that, under the totality of the circumstances, the probationer deliberately, willfully, and substantially violated a condition of his or her probation.” Id. at 313 (citing Blackshear v. State, 771 So.2d 1199, 1200 (Fla. 4th DCA 2000)).
We find, therefore, in light of the officer’s non-hearsay testimony, the victim’s hearsay statement, as well as Seays’s no contest plea that there was substantial competent evidence to support Seays’s violation of probation. See Thomas v. State, 711 So.2d 96 (Fla. 4th DCA 1998) (holding that in support of a revocation of probation, state may rely on a mix of inadmissible hearsay evidence together with evidence which is admissible at a criminal trial).

Affirmed.

GUNTHER, FARMER and MAY, JJ., concur.