KHOUZAM, Judge.
 

 Stephen Bell appeals an order modifying his sex offender probation based on a finding that he failed to comply with his probation officer’s instruction to report daily to the probation office. Because the instruction created a new condition of probation that had not been imposed by the trial court, we reverse and remand for the court to reinstate Bell’s probation.
 

 In 2003, Bell pleaded guilty to one count of lewd or lascivious molestation on a child under twelve and was sentenced to three years of prison, followed by twelve years
 
 *713
 
 of sex offender probation. On June 5, 2008, an affidavit of violation of probation was filed alleging that Bell had violated condition seven (failing to comply with probation officer’s instructions). At the hearing, Bell’s probation officer testified that Bell had been unemployed for approximately seven months. She stated that she told Bell to begin reporting on a daily basis to her office with his job search forms. Bell did not report to his probation officer on June 4, 2008.
 

 The trial court found that Bell had violated condition seven of his probation. The court entered an order that restored Bell’s sex offender probation, instructed Bell to report to the probation office as requested by his probation officer, and imposed electronic monitoring under the Jessica Lunsford Act, section 948.30, Florida Statutes (2007).
 
 [1]
 
 The court also ordered Bell to pay a $100 public defender fee and $100 in prosecution costs.
 

 “[A] probation officer may give a probationer routine supervisory directions that are necessary to carry out the conditions imposed by the trial court.”
 
 Miller v. State,
 
 958 So.2d 981, 984 (Fla. 2d DCA 2007). “However, an instruction that essentially imposes a new condition of probation is not a routine supervisory direction and cannot support a finding that the probationer is in violation.”
 
 Id.
 
 at 984-85.
 

 We find that the probation officer’s requirement of daily reporting constituted a new condition of probation that had not been imposed by the trial court.
 
 See Voudry v. State,
 
 641 So.2d 466, 467 (Fla. 4th DCA 1994) (finding that community control could not be revoked on the basis that defendant failed to make daily telephone contact with his community control officer when the condition was imposed by that officer and not by the court);
 
 Page v. State,
 
 363 So.2d 621, 622 (Fla. 1st DCA 1978) (holding that trial court could not revoke for failure to make daily telephone contact with probation supervisor because requirement was not court-imposed). Therefore, the trial court erred in finding Bell in violation of condition seven.
 

 Accordingly, we reverse the order modifying Bell’s probation and remand to the trial court with directions that Bell’s probation be reinstated. We also strike the $100 public defender fee and $100 in prosecution costs.
 

 Reversed and remanded with directions.
 

 CASANUEVA, C.J., and KELLY, J„ Concur.
 

 [1]
 

 . The trial court was under the mistaken impression that it was required to impose electronic monitoring under the Jessica Lunsford Act (the Act). The State admits that Bell's offense was committed before the effective date of the Act.
 
 See
 
 § 948.30(3) (stating that electronic monitoring must be imposed on sex offenders whose offenses occurred on or after September 1, 2005). Nevertheless, the State contends that section 948.063 provides a basis for the imposition of electronic monitoring. Section 948.063 provides in pertinent part:
 

 (2) If the probationer or offender is required to register as a sexual predator under s. 775.21 or as a sexual offender under s. 943.0435 or s. 944.607 for unlawful sexual activity involving a victim 15 years of age or younger and the probationer or offender is 18 years of age or older and has violated the conditions of his or her probation or community control, but the court does not revoke the probation or community control, the court shall nevertheless modify the probation or community control to include electronic monitoring for any probationer or offender not then subject to electronic monitoring.
 

 Because we conclude that Bell did not violate his probation, section 948.063(2) is inapplicable to Bell’s case.