PER CURIAM.
 

 In 2002, forty-one year old Dwayne Shepard engaged in a sexual relationship with the fifteen-year old victim over a period of months. He gave the victim alcohol and cocaine during this period. She became pregnant and later had a miscarriage. Shepard threatened to kill the victim’s family if she told anyone what happened. The victim reported what happened to police. On August 5, 2002, police officers came to Shepard’s house to arrest him. He answered the door and asked if they had a warrant. They allegedly pushed him inside and arrested him six feet inside his residence.
 

 In April 2004, Shepard entered a negotiated plea to lewd and lascivious battery on a child between twelve and fifteen years of age and contributing to the delinquency of a minor and was placed on sex offender
 
 *1086
 
 probation. He violated probation in December 2004. The trial court revoked probation and sentenced Shepard to fifteen years in prison. This court reversed and remanded.
 
 Shepard v. State,
 
 939 So.2d 311 (Fla. 4th DCA 2006). On January 9, 2007, the trial court again revoked probation and imposed the same sentence,
 
 nunc pro tunc,
 
 to June 23, 2005.
 

 Shepard appeals the trial court’s denial of his postconviction motion and the various addendums that he filed to that motion. In this appeal Shepard raises six points which all relate to the alleged illegality of his August 2002 arrest. In essence, he argues that, because his arrest was allegedly illegal, he cannot be prosecuted and all judicial proceedings following the arrest are prohibited. He alleges that the arrest resulted in an unlawful seizure of his person. He argues that his person is “evidence” that must be excluded from all criminal proceedings as he himself is fruit of the poisonous tree.
 

 Shepard misunderstands the exclusionary rule. The United States Supreme Court has explained:
 

 The exclusionary rule prohibits introduction into evidence of tangible materials seized during an unlawful search,
 
 Weeks v. United States,
 
 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914), and of testimny concerning knowledge acquired during an unlawful search,
 
 Silverman v. United States,
 
 365 U.S. 505, 81 S.Ct. 679, 5 L.Ed.2d 734 (1961). Beyond that, the exclusionary rule also prohibits the introduction of derivative evidence, both tangible and testimonial, that is the product of the primary evidence, or that is otherwise acquired as an indirect result of the unlawful search, up to the point at which the connection with the unlawful search becomes “so attentuated as to dissipate the taint,”
 
 Nardone v. United States,
 
 308 U.S. 338, 341, 60 S.Ct. 266, 268, 84 L.Ed. 307 (1939).
 
 See Wong Sun v. United States,
 
 371 U.S. 471, 484-485, 83 S.Ct. 407, 415-16, 9 L.Ed.2d 441 (1963).
 

 Murray v. U.S.,
 
 487 U.S. 533, 536-37, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988).
 

 No evidence regarding Shepard’s sexual relationship with the fifteen-year old girl or him giving her drugs and alcohol was gathered as a result of the arrest. Shepard invoked his right to remain silent after his arrest. No evidence was seized or derived as a result of arrest. The exclusionary rule requires suppression of unlawfully seized evidence. An alleged unlawful arrest does not absolutely prohibit prosecution for the offense for which the defendant is arrested. Shepard is not entitled to postconviction relief on this basis.
 

 Shepard argues that a federal court has already held that his arrest was unconstitutional. His claim is based on an opinion of the Eleventh Circuit Court of Appeals reversing a federal district court decision which had dismissed based on qualified immunity Shepard’s
 
 pro se
 
 42 U.S.C. § 1983 civil lawsuit against the arresting officers.
 
 Shepard v. Davis,
 
 300 Fed.Appx. 832 (11th Cir.2008). The Eleventh Circuit held that the officers were not entitled to qualified immunity and that,
 
 in the light most favorable to Shepard,
 
 he had stated a sufficient claim that his Fourth Amendment rights were violated by the warrantless arrest six feet inside his home.
 
 Id.
 
 at 842. This decision does not establish that the arrest was unlawful. It established merely that the officers were not entitled to qualified immunity and that Shepard had stated a claim sufficient to survive a pretrial motion to dismiss.
 
 [1]
 

 
 *1087
 
 Appellant is cautioned that the filing of frivolous or malicious postconviction challenges or appeals may result in sanctions and referral to prison officials for disciplinary proceedings.
 
 See McCutcheon v. State,
 
 44 So.3d 156 (Fla. 4th DCA 2010).
 

 Affirmed.
 

 DAMOORGIAN, CIKLIN and GERBER, JJ., concur.