PER CURIAM.
C.B., a fifteen year old boy, pleaded guilty to lewd and lascivious battery on an individual less than sixteen years of age. As a result, he was placed on probation. Subsequently, a petition was filed, alleging violation of his probation terms, including: (1) keep a curfew; (2) “perform (80) hours of community service work, as directed by the Court and by his Juvenile Probation Officer”; and (3) “comply with all instructions given to him by the Court and by his Juvenile Probation Officer ... to undergo Psychosexual Evaluation and complete any and all recommended treatment ... by not attending all scheduled appointments....” C.B. concedes to the curfew violation, but appeals the revocation of his probation based upon his failure to perform community service work and failure to attend the court ordered treatment. He argues that he did not willfully violate the terms of his probation for either and was not given *808 notice of the terms associated with community service work.
We affirm the trial court’s finding that C.B. was on notice of the terms associated with community service and willfully violated them. We reverse the trial court’s finding that C.B. willfully violated his probation based upon his failure to participate in his treatment plan by attending scheduled treatment sessions. Because no sessions were ever scheduled with him, he could not have willfully failed to attend them.

Community Service Work

At the violation hearing, the probation officer acknowledged that in June 2010, C.B. submitted a letter from a business stating he had completed eighty-five hours of service. The probation officer testified that she could not accept these hours because they did not benefit a non-profit organization and C.B. had not sought pre-approval from her. She further testified that she told C.B about the non-profit restriction at the beginning of his probation and gave him a list of approved organizations.
To comport with due process, the trial court must provide adequate notice to the defendant of each special condition of his or her probation, specifying the conduct that is prohibited. Lawson v. State, 969 So.2d 222, 230-231 (Fla.2007). “Probation orders need not include every possible restriction so long as a reasonable person is put on notice of what conduct will subject him or her to revocation.” Id. at 235. “[A] condition of probation should provide reasonable individuals of common intelligence the basis to know and understand its meaning.” Id. (citation and internal quotation marks omitted). In Lawson, the court found that although a trial court failed to specify the parameters required in association with a drug program, the defendant was put on notice by a commonsense reading of the condition that the treatment program should be undertaken at the beginning of probation and discharge for nonattendance could immediately result in revocation of probation. Id.
Here, the condition of probation, which C.B. alleges was insufficient to apprise him of a proper understanding of the terms, was: “Community Service Hours 50 at a rate of 5/month & provide written proof each month.” C.B. argues that a commonsense reading of the words “community service” does not require that the organization be non-profit, and therefore, a probation officer’s request to perform court ordered community service hours at an approved non-profit organization amounts to a new condition of probation.
However, this argument contradicts the common meaning of “community service”, which implies volunteer work that provides a direct benefit to the general public. Logically, this is not the same thing as volunteer work that provides a direct benefit to a business earning a profit.
Moreover, even if the term itself were insufficient to put a person of ordinary intelligence on notice, a probation officer may give supervisory directions, which are necessary to carry out the conditions of probation. Bell v. State, 24 So.3d 712, 713 (Fla. 2d DCA 2009). This authority stops short of permitting a probation officer to create a new condition of the defendant’s probation. Id.
The distinction between a supervisory direction and a new condition is that a supervisory direction “simply effectuates the conditions already imposed by the court.” Miller v. State, 958 So.2d 981, 984 (Fla. 2d DCA 2007). In Miller, the Second District explained that requiring the defendant to stop contacting an individual by phone, in person, and by mail amounted *809 to a new condition. The defendant in Miller was not previously ordered by the court to stop contact with that individual; rather, the defendant’s probation officer is the one who made the initial instruction. Id. at 981.
Unlike Miller, in the instant case, the community service hours were originally imposed by the trial court, rather than C.B.’s probation officer. The probation officer was merely explaining the definition of community service, which was reasonably expected procedure. As a result, C.B. received sufficient notice to apprise him of the terms of his probation, and his willful choice to refuse to perform according to those terms is consistent with willfulness, which is an appropriate basis for a violation. Therefore, the trial court did not abuse its discretion when it found him in violation of probation on this basis.

Treatment Plan Participation

 The therapist testified that because C.B. lacked transportation, she agreed to provide individual therapy to him while at school twice a month. However, she refused to give notice of when she intended to meet with C.B. and instead showed up at C.B.’s school randomly. Logically, the missing of his therapy sessions could not have been willful as he did not know when they were to occur. Moreover, there was testimony from C.B. and his mother that C.B. missed school either because he was sick or because his mother kept him out of school.[1] To be willful, a violation must be voluntary, rather than a result of being forced into the situation. Williams v. State, 896 So.2d 805, 806 (Fla. 4th DCA 2005). His failure to attend school was not voluntary. As a result, the trial court abused its discretion in finding that C.B. willfully violated his probation by failing to attend scheduled individual therapy sessions.
Because we reverse one, but not all of the trial court’s findings of violation, we must remand the case to the trial court to determine whether C.B.’s probation would have been terminated for the willful violations that he committed: curfew and community service. Cf. Davis v. State, 48 So.3d 176, 180 (Fla. 4th DCA 2010). Upon remand, the trial court should remedy its failure to specifically articulate the grounds for the violation in a written order, as mere disposition orders are insufficient. Mitchell v. State, 681 So.2d 891, 892 (Fla. 4th DCA 1996) (citation omitted).

Affirmed in part, reversed in part, and remanded.

MAY, C.J., TAYLOR and CONNER, JJ., concur.

. The mother underwent back surgery and kept C.B. home to be her “right hand.”