DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LASHAWNA RANDALL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D13-1347
and 4D13-1348

[January 6, 2016]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Lynn Rosenthal, Judge; L.T. Case Nos. 07-023601CF10B and 08-001623CF10B.

Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.

GROSS, J.

Appellant was sentenced to 101.6 months in prison for a violation of probation. In 2011, appellant had been sentenced as a youthful offender to a prison sentence followed by probation. The violation of probation charge in this case involved the allegation of a domestic battery.

As the state concedes, for the violation of probation, the court was required to sentence appellant under youthful offender restrictions. *See* § 958.14, Fla. Stat. (2013). Nothing in the statute provides that youthful offender status melts away upon a revocation of probation imposed as part of a youthful offender sentence. *See Blacker v. State*, 49 So. 3d 785, 788 (Fla. 4th DCA 2010).

On a separate issue, we affirm the determination that appellant violated her probation. The victim's 911 call was admitted as substantive evidence prior to the victim's testimony. The call falls under the excited utterance exception to the rule against hearsay. *See* § 90.803(2), Fla. Stat. (2013);

*Willis v. State*, 727 So. 2d 952, 953 (Fla. 4th DCA 1998) (holding that an excited utterance, admissible as substantive evidence, was sufficient to support a revocation of probation).

*Affirmed in part, reversed in part, and remanded to the circuit court for resentencing.*

GERBER and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2