# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**KEVIN DOUGLAS RAY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2022-3250

[March 27, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Steven J. Levin, Judge; L.T. Case No. 562020CF002098A.

Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Kevin Douglas Ray ("Defendant") appeals from his convictions for domestic battery by strangulation, battery, and false imprisonment, and his subsequent sentencing.

As to Defendant's convictions, he argues the trial court erred when it: (1) ruled that the victim could not testify as to whether Defendant "appeared disoriented" during the crime; and (2) did not allow Defendant to ask the victim if she had met with the State's attorney prior to the trial. On the first argument, the trial court noted that neither party had opened the door on the issue of Defendant's mental health, and any testimony that Defendant had appeared "disoriented" or "delusional" would cross the line from observation to speculation. On the second argument, the trial court sustained the State's relevancy objection, ruling that defense counsel could ask the victim if she had prepared for her trial testimony but, in the absence of evidence indicating improper coaching, there was no relevance to disclosing the victim had met with the prosecutor. We agree with the trial court's rulings on both arguments without further discussion, and therefore affirm the defendant's convictions.

However, with respect to the trial court's probation sentence and its written probation order, Defendant's appeal raises several arguments. The State agrees with several of these arguments. We address each argument in turn.

First, the State agrees with Defendant that the trial court's final probation order required Defendant to pay costs before the end of probation without orally pronouncing that requirement. We also agree that the condition requiring Defendant to pay costs and fines in monthly installments should be stricken. *See Antoine v. State*, 684 So. 2d 266, 267 (Fla. 4th DCA 1996) ("The terms pronounced orally control over the written order; therefore, since the oral pronouncement is silent with regard to the terms and, more specifically, does not specify either a payment schedule or a time limit for paying costs, appellant has the entire term of his community control within which to do so." (citations omitted)).

Second, the State agrees that the trial court's written final probation order requires Defendant to "complete" a batterer's intervention program, but the trial court only orally pronounced that Defendant was required only to "enroll" in a batterer's intervention program. As the State concedes error on this issue, the written order's requiring Defendant to "complete" a batterer's intervention program should be modified to require Defendant to "enroll in" such a program. *See Ashley v. State,* 850 So. 2d 1265, 1268 (Fla. 2003) ("[A] court's oral pronouncement of sentence controls over the written document.").

Third, Defendant argues the trial court erred in requiring him to pay counseling costs for the victim and her children without complying with section 775.089, Florida Statutes (2022). We disagree with Defendant and agree with the State that the proper safeguards will be put in place at a later restitution hearing. *See Weckerle v. State*, 579 So. 2d 742, 743 (Fla. 4th DCA 1991). We also reject Defendant's argument that imposing counseling costs fails the test for a special condition of probation established by *Biller v. State*, 618 So. 2d 734 (Fla. 1993).

Fourth, Defendant argues the condition of probation preventing him from coming within one mile of the victim did not pass the *Biller* test. We reject this argument. *See People v. Brockelman*, 933 P.2d 1315, 1319–20 (Colo. 1997). However, in light of our remand on the other issues Defendant raises regarding the trial court's final probation order, we agree that, while not required, a remand is appropriate for the trial court to clarify that Defendant may not "knowingly" come within one mile of the victim. *See generally Lambert v. California*, 355 U.S. 225 (1957).

Fifth, Defendant challenges the trial court's imposition of an additional $100 prosecution cost above the $100 minimum set by section 938.27(8), Florida Statutes (2022), because, although the State requested additional costs, the State failed to show that costs above the minimum were justified. We agree that the $100 additional cost of prosecution should be stricken, and we remand with instructions that the trial court can reinstate the additional $100 cost on remand if evidence is presented by the State to support the extra cost and the appropriate findings are made by the court. *See Bartolone v. State*, 327 So. 3d 331, 336 (Fla. 4th DCA 2021).

Sixth, Defendant likewise argues that the $50 investigative cost on behalf of the Port St. Lucie Police Department should be stricken as the State did not offer any evidence to support the cost or that the Department had requested the cost. We agree and remand for the trial court to strike the $50 investigative cost with instructions that the court may re-impose that cost if sufficient evidence is provided. *See Taylor v. State*, 352 So. 3d 346, 349 (Fla. 4th DCA 2022).

Finally, the State agrees with Defendant that the probation order incorrectly reflects Defendant entered a nolo contendere plea, when in fact he was found guilty after a jury trial. We remand for the trial court to correct the scrivener's error. *See Sirota v. State*, 977 So. 2d 700, 701 (Fla. 4th DCA 2008).

## CONCLUSION

We affirm Defendant's convictions on the charges of domestic battery by strangulation, battery, and false imprisonment. We reverse and remand with respect to several conditions of Defendant's probation, as set forth above.

*Affirmed in part; reversed and remanded in part with instructions.*

MAY and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***